## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| THE HEIDI GROUP, INC.<br>**Plaintiff** | § § § | |
| **VS.** | § § | |
| **TEXAS HEALTH AND HUMAN SERVICES COMMISSION; CECILE ERWIN YOUNG, in her official capacity as COMMIS-SIONER OF TEXAS HEALTH AND HUMAN SERVICES; THE OFFICE OF THE INSPECTOR GENERAL FOR TEXAS HEALTH AND HUMAN SERVICES (OIG); SYLVIA KAUFFMAN in her official capacity as INSPECTOR GENERAL OF OIG; DIRK JOHNSON in his official capacity as CHIEF COUNSEL OF OIG and in his individual capacity; JENNIFER KAUFMAN in her official capacity as DIRECTOR OF INTERNAL AFFAIRS OF OIG and in her individual capacity; GAYLON DACUS in his official capacity as SENIOR INVESTIGATOR FOR OIG and in his individual capacity; PHYLLIS EVERETTE MOR-GAN; JOHN/JANE DOE 1 (officially and individually); JOHN/JANE DOE 2 (officially and individually); JOHN/JANE DOE 3 (officially and indivi-dually); and JOHN/JANE DOE 4 (officially and individually)** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CASE NO. 1:22-cv-00294** |
| **Defendants** | § | |

## DEFENDANT PHYLLIS EVERETTE MORGAN'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Phyllis Everette Morgan, (hereinafter "Morgan"), and files this First Amended Answer to Plaintiff's First Amended Complaint and would show the Court as follows:

# I.
## INTRODUCTION

1.01    Morgan admits that Plaintiff is asserting claims against the Defendants in this case based on alleged violations of rights under the Texas and United States Constitutions, and for violations of Texas and federal statutes.  Morgan admits that, other than herself, the remaining Defendants include Texas state agencies and Texas state employees.  Morgan further admits that this case was initially filed in the 419th District Court of Travis County, Texas, but was then removed to this Court by the State Defendants due to the federal questions involved.  Morgan denies the rest of the allegations contained in Paragraph 1.01 of Plaintiff's First Amended Complaint.

# II.
## PARTIES

2.01    Morgan admits that HEIDI is a Texas nonprofit corporation with its principal place of business in Williamson County, Texas.

2.02    Morgan admits that Defendant HHSC is an agency within the government of the State of Texas. Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 2.02 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 2.05 of the Complaint.

2.03    Morgan admits that Defendant Cecile Erwin Young is the Commissioner of HHSC. Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 2.02 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 2.03 of the Complaint.

2.04    Morgan is without sufficient information to admit or deny the allegations in Paragraph 2.04 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 2.04 of the Complaint.

2.05    Morgan admits that Sylvia Kauffman is the Inspector General of OIG. Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 2.05 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 2.05 of the Complaint.

2.06    Morgan denies the allegations in Paragraph 2.06 of Plaintiff's First Amended Complaint.

2.07    Morgan admits that Defendant Jennifer Kaufman is Director of Internal Affairs at OIG. Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 2.07 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 2.07 of the Complaint.

2.08    Morgan is without sufficient information to admit or deny the allegations in Paragraph 2.08 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 2.08 of the Complaint.

2.09    Morgan admits that Morgan is an individual who resides at 2800 Sunrise Road, Apartment 722, Round Rock, Texas 78664.  Morgan further admits that she is not related to Carol Everett.

2.10    Morgan is without sufficient information to admit or deny the allegations in Paragraph 2.10 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 2.10 of the Complaint.

2.11     Morgan is without sufficient information to admit or deny the allegations in Paragraph 2.11 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 2.11 of the Complaint.

2.12     Morgan is without sufficient information to admit or deny the allegations in Paragraph 2.12 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 2.12 of the Complaint.

2.13     Morgan is without sufficient information to admit or deny the allegations in Paragraph 2.13 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 2.13 of the Complaint.

### III.
### JURISDICTION, CAPACITY, AND STANDING

3.01     Morgan admits the allegations in Paragraph 3.01 of Plaintiff's First Amended Complaint.

3.02     Morgan admits the allegations in Paragraph 3.02 of Plaintiff's First Amended Complaint.

3.03     Morgan admits the allegations in Paragraph 3.03 of Plaintiff's First Amended Complaint.

3.04     Morgan admits the allegations in Paragraph 3.04 of Plaintiff's First Amended Complaint.

3.05     Morgan admits the allegations in Paragraph 3.05 of Plaintiff's First Amended Complaint.

### IV.
### VENUE

4.01    Morgan admits the allegations in Paragraph 4.01 of Plaintiff's First Amended Complaint.

**V.**

**OVERVIEW**

5.01    Paragraph 5.01 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 5.01 of Plaintiff's First Amended Complaint.

5.02    Paragraph 5.02 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 5.02 of Plaintiff's First Amended Complaint.

5.03    Paragraph 5.03 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 5.03 of Plaintiff's First Amended Complaint.

5.04    Paragraph 5.04 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 5.04 of Plaintiff's First Amended Complaint.

**VI.**
**BACKGROUND FACTS**

**A.  Carol Everett and the Heidi Group**

6.01    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.01 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.01 of the Complaint.

6.02    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.02 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.02 of the Complaint.

6.03    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.03 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.03 of the Complaint.

**B.    Texas' HTW and FPP programs**

1. *Background of Programs*

6.04    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.04 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.04 of the Complaint.

2. *HEIDI applied to become provider*

6.05    Paragraph 6.05 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 6.05 of Plaintiff's First Amended Complaint.

6.06    Paragraph 6.06 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 6.06 of Plaintiff's First Amended Complaint.

3. *Contracts signed*

6.07    Morgan admits that HEIDI submitted proposals to participate in the State's HTW and FPP Programs, and that HHSC approved HEIDI's proposals and awarded HEIDI contracts for the delivery of health services to low-income women.  Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 6.07 of Plaintiff's First

Amended Complaint, and therefore denies the allegations contained in Paragraph 6.07 of the Complaint.

6.08    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.08 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.08 of the Complaint.

4.    *Lack of cooperation from HHSC*

6.09    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.09 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.09 of the Complaint.

6.10    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.10 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.10 of the Complaint.

5.    *Contract Renewal, effective 9/1/2017 for FY 2018*

6.11    Morgan admits that HHSC renewed HEIDI's contracts in 2017.  Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 6.11 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 6.11 of the Complaint.

C.  **The FMU Audit**

6.12    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.12 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.12 of the Complaint.

6.13    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.13 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.13 of the Complaint.

6.14    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.14 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.14 of the Complaint.

6.15    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.15 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.15 of the Complaint.

6.16    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.16 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.16 of the Complaint.

6.17    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.17 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.17 of the Complaint.

**D.  Contract renewal for FY 2019, then abrupt termination**

1. *Renewal of HTW Contract after Initial FMU Report*

6.18    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.18 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.18 of the Complaint.

6.19    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.19 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.19 of the Complaint.

2.  *Texas Observer hit piece*

6.20    Morgan admits that the *Texas Observer* published an article that was critical of Carol Everett and HEIDI in September 2018.   Morgan admits that the article reported that 3300 clients were treated by HEIDI during FY 2017.  Morgan denies the remaining allegations in Paragraph 6.20 of the Complaint.

6.21    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.21 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.21 of the Complaint.

3.  *Termination of Contracts on 10/12/18*

6.22    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.22 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.22 of the Complaint.

6.23    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.23 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.23 of the Complaint.

6.24    Morgan denies the allegation that she engaged in a conspiracy with HHSC/OIG officials to collect dirt on Everett and HEIDI and to illegally access HEIDI files and records. Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 6.24 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.24 of the Complaint.

E.  **Illegal collusion between OIG and Phyllis Morgan**

6.25    Morgan admits that she began work at HEIDI on September 7, 2017 and that she was hired by Carol Everett, CEO of HEIDI, as a Program Director.  Morgan is without sufficient

information to admit or deny the remaining allegations in Paragraph 6.25 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.25 of the Complaint.

6.26    Morgan admits that she was terminated by Everett on July 9, 2018.  Morgan denies the remaining allegations in Paragraph 6.26 of Plaintiff's First Amended Complaint.

6.27    Morgan denies the allegations in Paragraph 6.27 of Plaintiff's First Amended Complaint.

6.28    Morgan denies the allegations in Paragraph 6.28 of Plaintiff's First Amended Complaint.

6.29    Morgan denies the allegations in Paragraph 6.29 of Plaintiff's First Amended Complaint.

6.30    Morgan admits that she was interviewed by Detective Brian Neveu of the Round Rock Police Department on August 4, 2019.  Morgan denies the remaining allegations in Paragraph 6.30 of Plaintiff's First Amended Complaint.

6.31    Morgan admits that on October 24, 2019, she was arrested, booked, and released on bail for the alleged crime of Computer Security Breach.  Morgan further admits that the Williamson County Attorney decided not to pursue the charges against her.  Morgan denies the remaining allegations in Paragraph 6.31 of Plaintiff's First Amended Complaint.

6.32    Morgan denies the allegations in Paragraph 6.32 of Plaintiff's First Amended Complaint.

6.33    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.33 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.33 of the Complaint.

6.34    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.34 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.34 of the Complaint.

**F.  OIG Investigation and 2019 Final Report**

6.35    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.35 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.35 of the Complaint.

6.36    Morgan admits that she was terminated by HEIDI on July 9, 2018. Morgan denies the remaining allegations in Paragraph 6.36 of Plaintiff's First Amended Complaint.

6.37    Morgan denies the allegations in Paragraph 6.37 of Plaintiff's First Amended Complaint.

6.38    Morgan admits that she communicated with Dacus via email on August 22, 2018 and stated that she had "more information to send" to HHSC/OIG and attached documentation. Morgan admits that she communicated to Dacus that "You mentioned that if I were to get more information to send [sic] you so that the organization can appropriately evaluate the spending within the organization and the misuse of taxpayer dollars."  Morgan admits that Dacus communicated to Morgan "Thank you for the additional information.  Much appreciated." Morgan denies the remaining allegations in Paragraph 6.38 of Plaintiff's First Amended Complaint.

6.39    Morgan admits that Dacus communicated with her via email on December 4, 2018 asking if "someone at HEIDI accidentally link[ed] [her] account to theirs" and asking if she had "access to all their information."  Morgan admits that she communicated to Dacus that "Perhaps Brad linked me – then forgot to remove me.  I am not sure… didn't ask.  However, it

clearly states you can see I have access to their admin Box I have access." Morgan admits that she attached images titled "Budget 2018", "Budget 2018 final", and other images in her email to Dacus. Morgan denies the remaining allegations in Paragraph 6.39 of Plaintiff's First Amended Complaint.

6.40    Morgan admits that she communicated with Dacus and other HHSC/OIG employees via email on March 18, 2019 and stated that she had "access to all the Heidi Groups current financials and also current confidential patient information." Morgan admits that she sent Dacus and others at HHSC/OIG copies of HEIDI personnel paychecks. Morgan admits that she communicated to HHSC/OIG that "Since July of 18, [she] reported and submitted large amounts of documentation" concerning "the misuse of finance and seemingly fraudulent, unethical behaviors" [by HEIDI]. Morgan denies the remaining allegations in Paragraph 6.39 of Plaintiff's First Amended Complaint.

6.41    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.41 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.41 of the Complaint.

6.42    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.42 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.42 of the Complaint.

6.43    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.43 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.43 of the Complaint.

6.44    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.44 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.44 of the Complaint.

6.45    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.45 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.45 of the Complaint.

6.46    Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.46 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.46 of the Complaint.

6.47    Morgan denies that she ranted about payments to various professionals, including the same two Medical Directors mentioned in the 2019 Final Report.  Morgan denies that she attached illegally obtained copies of checks to those professionals.  Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 6.47 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 6.47 of the Complaint.

6.48    Morgan denies that she colluded with the State Defendants in connection with unlawful cybersecurity intrusions.  Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 6.48 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 6.48 of the Complaint.

6.49    Morgan denies that she colluded with the State Defendants.  Morgan is without sufficient information to admit or deny the remaining allegations in Paragraph 6.49 of Plaintiff's First Amended Complaint, and therefore denies the remaining allegations contained in Paragraph 6.49 of the Complaint.

6.50   Morgan admits the allegations in Paragraph 6.50 of Plaintiff's First Amended Complaint.

### G. OIG Expanded Audit and 2021 Final Audit Report

6.51   Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.51 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.51 of the Complaint.

6.52   Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.52 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.52 of the Complaint.

6.53   Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.53 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.53 of the Complaint.

6.54   Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.54 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.54 of the Complaint.

6.55   Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.55 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.55 of the Complaint.

6.56   Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.56 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.56 of the Complaint.

### H. Unknown Actors Remain to be Identified:

6.57    Morgan admits that HEIDI has named Defendants John/Jane Doe 1, John/Jane Doe 2, John/Jane Doe 3, John/Jane Doe 4 as other unknown State actors within HHSC and OIG who allegedly participated in discrimination towards HEIDI.  Morgan is without sufficient information to admit or deny the allegations in Paragraph 6.57 of Plaintiff's First Amended Complaint, and therefore denies the allegations contained in Paragraph 6.57 of the Complaint

## VII.
## CAUSES OF ACTION

### A.  Count I: Violation of Texas Constitutional Rights

7.01    Morgan incorporates the preceding paragraphs by reference as if set forth fully in this section.

7.02    Morgan admits that she, as well as the State and State employees, have been named as Defendants under this Section.

7.03    Morgan admits that the Texas Declaratory Judgment Act ("DJA") is set forth in Chapter 37 of the Texas Civil Practice and Remedies Code ("CPRC").  Morgan further admits that the DJA includes the language quoted by Plaintiff in Paragraph 7.03. Morgan denies the remaining allegations contained in Paragraph 7.03 of Plaintiff's First Amended Complaint.

7.04    Paragraph 7.04 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 7.04 of Plaintiff's First Amended Complaint.

7.05    Morgan denies the allegations in Paragraph 7.05 of Plaintiff's First Amended Complaint.

### 1.  *Equal Protection Clause*

7.06    Morgan admits that the Texas Constitution includes the language quoted by Plaintiff in Paragraph 7.06 of Plaintiff's First Amended Complaint.

7.07    Morgan denies the allegations contained in Paragraph 7.07 of Plaintiff's First Amended Complaint.

7.08    Morgan denies the allegations contained in Paragraph 7.08 and/or that HEIDI is entitled to any declaratory relief.

### 2. *Freedom from Illegal Searches and Seizures*

7.09    Morgan admits that the Texas Constitution includes the language quoted by Plaintiff in Paragraph 7.09 of Plaintiff's First Amended Complaint.    Morgan denies the remaining allegations contained in Paragraph 7.09 of Plaintiff's First Amended Complaint.

7.10    Morgan denies the allegations contained in Paragraph 7.10 of Plaintiff's First Amended Complaint.

7.11    Morgan denies the allegations contained in Paragraph 7.11 and/or that HEIDI is entitled to any declaratory relief.

### 3. *Due Process Clause*

7.12    Morgan admits that the Texas Constitution includes the language quoted by Plaintiff in Paragraph 7.12 of Plaintiff's First Amended Complaint.

7.13    Morgan denies the allegations contained in Paragraph 7.13 of Plaintiff's First Amended Complaint.

7.14    Morgan denies the allegations contained in Paragraph 7.14 and/or that HEIDI is entitled to any declaratory relief.

### 4. *Establishment Clause*

7.15    Morgan admits that the Texas Constitution includes the language quoted by Plaintiff in Paragraph 7.15 of Plaintiff's First Amended Complaint.

7.16    Morgan denies the allegations contained in Paragraph 7.16 of Plaintiff's First Amended Complaint.

7.17    Morgan denies the allegations contained in Paragraph 7.17 and/or that HEIDI is entitled to any declaratory relief.

**B.   Count II: Federal Civil Rights Act Violations, 42 U.S.C. Sec. 1983:**

7.18    Morgan incorporates the preceding paragraphs by reference as if set forth fully in this section.

7.19    Morgan admits that she, as well as the State and State employees, have been named as Defendants under this Section.

**1.   _Section 1983_:**

7.20    Morgan admits that the Federal Civil Rights Act (42 U.S.C. § 1983) includes the language quoted by Plaintiff in Paragraph 7.20 of Plaintiff's First Amended Complaint.  Morgan denies the remaining allegations contained in Paragraph 7.20 of Plaintiff's First Amended Complaint.

7.21    Morgan denies the allegations contained in Paragraph 7.21 of Plaintiff's First Amended Complaint.

**2.   _Deprivation of Rights Secured by the Fourth Amendment:_**

7.22    Morgan admits that the Fourth Amendment to the United States Constitution protects persons from "unreasonable searches and seizures" without "probable cause".  Morgan denies the remaining allegations contained in Paragraph 7.22 of Plaintiff's First Amended Complaint.

7.23    Paragraph 7.23 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 7.23 of Plaintiff's First Amended Complaint.

7.24    Morgan denies the allegations contained in Paragraph 7.24 of Plaintiff's First Amended Complaint.

7.25    Morgan admits that she was not acting under color of law.  Morgan denies the remaining allegations contained in Paragraph 7.25 of Plaintiff's First Amended Complaint.

7.26    Morgan denies the allegations contained in Paragraph 7.26 of Plaintiff's First Amended Complaint.

7.27    Morgan denies the allegations contained in Paragraph 7.27 of Plaintiff's First Amended Complaint.

7.28    Morgan denies the allegations contained in Paragraph 7.28 of Plaintiff's First Amended Complaint.

7.29    Morgan denies the allegations contained in Paragraph 7.29 of Plaintiff's First Amended Complaint.

7.30    Morgan denies the allegations contained in Paragraph 7.30 of Plaintiff's First Amended Complaint.

**3.  <u>Deprivation of Rights Secured by the Equal Protection Clause:</u>**

7.31    Morgan admits that the Fourteenth Amendment to the United States Constitution entitles persons to equal protection of the laws.  Morgan further admits that the Fourteenth Amendment to the United States Constitution includes the language quoted by Plaintiff.

7.32    Morgan denies the allegations contained in Paragraph 7.32 of Plaintiff's First Amended Complaint.

**4.** **Due Process Clause**

7.33    Morgan admits that the United States Constitution protects persons from deprivation by the State of "life, liberty or property" without "due process."

7.34    Morgan denies the allegations contained in Paragraph 7.34 of Plaintiff's First Amended Complaint.

**5.** **Establishment Clause**

7.35    Morgan admits that the First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion…"  The remainder of Paragraph 7.35 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 7.35 of Plaintiff's First Amended Complaint.

7.36    Morgan denies the allegations contained in Paragraph 7.36 of Plaintiff's First Amended Complaint.

**6.** ***Free Exercise Clause:***

7.37    Morgan admits that the First Amendment to the United States Constitution states that "Congress shall make no law… prohibiting the free exercise [of religion]…"  The remainder of Paragraph 7.37 does not contain allegations to which a response from Morgan is required.  To the extent that any response is required, Morgan denies the allegations in Paragraph 7.37 of Plaintiff's First Amended Complaint.

7.38    Morgan denies the allegations contained in Paragraph 7.38 of Plaintiff's First Amended Complaint.

**7.** **Remedies:**

7.39    Mogan denies the allegations contained in Paragraph 7.39 and/or that HEIDI is entitled to any declaratory relief.

7.40    Morgan denies the allegations contained in Paragraph 7.40 and/or that HEIDI is entitled to any award of money damages.

7.41    Morgan denies the allegations contained in Paragraph 7.41 and/or that HEIDI is entitled to any award of attorneys' fees.

## C. <u>Count III: Violation of Texas Civil Practice and Remedies Code ("TCPRC") § 106.001, et. Seq.</u>

7.42    Morgan incorporates the preceding paragraphs by reference as if set forth fully in this section.

7.43    Morgan admits that the State and State employees have been named as Defendants under this Section.

7.44    Morgan admits that the TCPRC includes the language quoted by Plaintiff in Paragraph 7.44 of Plaintiff's First Amended Complaint.

7.45    Morgan denies the allegations contained in Paragraph 7.45 of Plaintiff's First Amended Complaint.

7.46    Morgan denies the allegations contained in Paragraph 7.46 of Plaintiff's First Amended Complaint.

7.47    Morgan denies the allegations contained in Paragraph 7.47 of Plaintiff's First Amended Complaint.

7.48    Morgan denies the allegations contained in Paragraph 7.48 of Plaintiff's First Amended Complaint.

7.49    Morgan denies the allegations contained in Paragraph 7.49 of Plaintiff's First Amended Complaint and/or that it is entitled to preventative or injunctive relief.

7.50    Morgan denies the allegations contained in Paragraph 7.50 of Plaintiff's First Amended Complaint and/or that it is entitled to attorneys' fees.

7.51    Morgan denies the allegations contained in Paragraph 7.51 of Plaintiff's First Amended Complaint.

**D.** **Count IV: Private Cause of Action against the Individual Defendants for Violation of Chapter 33 of the Texas Penal Code and for Abetting and Conspiring with Respect to Same.**

7.52    Morgan incorporates the preceding paragraphs by reference as if set forth fully in this section.

7.53    Morgan admits that she, and the State and State employees, have been named as Defendants under this Section.

7.54    Morgan admits that the Texas Penal Code includes the language quoted by Plaintiff in Paragraph 7.54 of Plaintiff's First Amended Complaint.  Morgan denies the remaining allegations contained in Paragraph 7.54 of Plaintiff's First Amended Complaint.

7.55    Morgan admits that the Texas Penal Code includes the language quoted by Plaintiff in Paragraph 7.55 of Plaintiff's First Amended Complaint.

7.56    Morgan denies the allegations contained in Paragraph 7.56 of Plaintiff's First Amended Complaint.

7.57    Morgan denies the allegations contained in Paragraph 7.57 of Plaintiff's First Amended Complaint.

7.58    Morgan denies the allegations contained in Paragraph 7.58 of Plaintiff's First Amended Complaint.

7.59    Morgan denies the allegations contained in Paragraph 7.59 of Plaintiff's First Amended Complaint.

7.60    Morgan denies the allegations contained in Paragraph 7.60 of Plaintiff's First Amended Complaint and/or that it is entitled to any damages and/or attorneys' fees and costs.

## VIII.
## ATTORNEYS' FEES

8.1    Morgan denies the allegations contained in Paragraph 8.1 of Plaintiff's First Amended Complaint.

## IX.
## JURY DEMAND

9.1    Morgan admits that Plaintiff has requested that this matter be tried before a jury. Morgan denies that there are triable issues of fact.

## X.
## PRAYER

10.1    Morgan denies that Plaintiff is entitled to any of the relief sought, including each and every subparagraph (a) through (e) in Paragraph 10.1 of Plaintiff's First Amended Complaint.

## DEFENSES

By way of further answer, Morgan affirmatively pleads the following defenses.  Morgan reserves the right to supplement these pleadings with further applicable defenses as more facts become available.    To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

1.    Plaintiff has failed to state a claim up on which relief may be granted against Defendant Morgan.

2.    Any alleged damages suffered by Plaintiff are the result of Plaintiff's own conduct.

3.    Plaintiff claims are barred by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, by estoppel and/or unclean hands.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of fraud.

6. Plaintiff's claims are barred, in whole or in part, because Defendant Morgan acted, at all times, lawfully, reasonably, and in good faith.

7. Plaintiff's claims are barred, in whole or in part, because it failed to mitigate its damages, if any.

8. Any damages that Plaintiff may assert are subject to the applicable damage cap.

9. Plaintiff's claims are barred, in whole or in part, because they are unreasonable, frivolous, vexations, and brought to harass Defendant Morgan.


**WHEREFORE**, having fully answered, Defendant Morgan prays that this Court enter judgment in her favor, dismissing Plaintiff's First Amended Complaint with prejudice, and award Morgan her reasonable costs, attorneys' fees, and such other relief as may be just and proper.


Respectfully submitted,

**HOWARD & KOBELAN**
115 S Wild Basin Road, Suite 306
Austin, Texas 78746
(512) 480-9300
(512) 480-9374
lhoward@howardkobelan.com

_____
Logan Howard
State Bar No. 24069952

ATTORNEYS FOR DEFENDANT MORGAN

---

Defendant Phyllis Everette Morgan's First Amended Answer                    Page 23 of 24

## <u>CERTIFICATE OF SERVICE</u>

By my signature above, I certify that a true and correct copy of the foregoing document has been sent via the court's e-service system to the following counsel of record on this 11th day of May, 2023:


Edward P. Watt
WATT LAW FIRM, P.C.
800 Hwy. 290 West
Building A, Suite 100
Dripping Springs, Texas 78620
Telephone: (512) 894-4404
Facsimile: (512) 858-0770
edwatt@wattlaw.com

***Counsel for Plaintiff***

Benjamin S. Walton
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(512) 463-2120 – Phone
(512) 320-0667 – Fax
benjamin.walton@oag.texas.gov

***Counsel for State Defendants***