IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| THE HEIDI GROUP, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION; CECILE | § | |
| ERWIN YOUNG, in her official capacity | § | |
| as COMMISSIONER OF TEXAS HEALTH | § | |
| AND HUMAN SERVICES; THE OFFICE | § | |
| OF THE INSPECTOR GENERAL FOR | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES (OIG); SYLVIA KAUFFMAN | § | |
| in her official capacity as INSPECTOR | § | |
| GENERAL OF OIG; DIRK JOHNSON | § | |
| in his official capacity as CHIEF COUNSEL | § | |
| OF OIG and in his individual capacity; | § | |
| JENNIFER KAUFMAN in her official | § | CASE NO. 1:22-cv-00294 |
| capacity as DIRECTOR OF INTERNAL | § | |
| AFFAIRS OF OIG and in her individual | § | |
| capacity; GAYLON DACUS in his official | § | |
| capacity as SENIOR INVESTIGATOR | § | |
| FOR OIG and in his individual capacity; | § | |
| PHYLLIS EVERETTE MORGAN; | § | |
| JOHN/JANE DOE 1 (officially and | § | |
| individually); JOHN/JANE DOE 2 | § | |
| (officially and individually); | § | |
| JOHN/JANE DOE 3 (officially and | § | |
| individually); and JOHN/JANE DOE 4 | § | |
| (officially and individually), | § | |
| *Defendants.* | § | |

**STATE DEFENDANTS' ANSWER & DEFENSES TO
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Texas Health and Human Services Commission ("HHSC"); Cecile Erwin Young, in her official capacity as Commissioner of the Texas Health and Human Services Commission; the Office of Inspector General for Texas Health and Human Services ("OIG"); Sylvia Kauffman, in her official capacity as Inspector General of OIG; Dirk Johnson, in his official capacity as Chief Counsel of OIG and in his individual capacity; Jennifer Kaufman, in her official capacity as Director of Internal Affairs of OIG and in her individual capacity; and Gaylon Dacus, in his official capacity as Senior Investigator for OIG and in his individual capacity (collectively, "State Defendants") jointly file this Answer and Defenses to Plaintiff's First Amended Complaint (the "Amended Complaint").

## I. <u>ANSWER</u>

In accordance with Federal Rule of Civil Procedure 8(b)(3), State Defendants generally deny all the allegations in the Amended Complaint except those allegations specifically and expressly admitted below. The numbered paragraphs and section headers that follow correspond to the numbered paragraphs and section headers in the Amended Complaint. The section headers in the Amended Complaint are not factual allegations requiring State Defendants to admit or deny them. However—out of an abundance of caution and for avoidance of doubt—State Defendants deny all factual assertions in every section header in the Amended Complaint.

### I. <u>Introduction</u>

1.01    State Defendants admit that (1) Plaintiff is asserting claims against Defendants in this case for alleged violations of its rights under the U.S. and Texas Constitutions and alleged violations of federal and state statutes; (2) Plaintiff was awarded contracts in Texas; (3) the Defendants in this case include Texas state agencies and Texas state employees; and (4) this case was

originally filed in Texas state court and was removed to federal court. State Defendants deny all remaining allegations in paragraph 1.01 of the Amended Complaint.

## II. Parties

2.01    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.01 of the Amended Complaint, and, therefore, deny them.

2.02    State Defendants admit HHSC is a state agency in the State of Texas; HHSC may be served through its counsel of record. State Defendants deny all remaining allegations in paragraph 2.02 of the Amended Complaint.

2.03    State Defendants admit Cecile Erwin Young is the Executive Commissioner of HHSC and was sued in her official capacity. State Defendants deny all remaining allegations in paragraph 2.03 of the Amended Complaint.

2.04    State Defendants admit the OIG is a separate office within HHSC with specific statutory authority and duties under Texas Government Code, Section 544.0103.; OIG may be served through its counsel of record. State Defendants deny all remaining allegations in paragraph 2.04 of the Amended Complaint.

2.05    State Defendants admit the Inspector General was sued in official capacity only. State Defendants deny all remaining allegations in paragraph 2.05 of the Amended Complaint.

2.06    State Defendants admit Dirk Johnson was sued in his official and individual capacities. Mr. Johnson may be served through his counsel of record.  State Defendants deny all remaining allegations in paragraph 2.06 of the Amended Complaint.

2.07    State Defendants admit Jennifer Kaufman was sued in her official and individual capacities. Ms. Kaufman may be served through her counsel of record. State Defendants deny all remaining allegations in paragraph 2.07 of the Amended Complaint.

2.08    State Defendants admit Gaylon Dacus was sued in his official and individual capacities. Mr. Dacus may be served through his counsel of record. State Defendants deny all remaining allegations in paragraph 2.08 of the Amended Complaint.

2.09    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.09 of the Amended Complaint, and, therefore, deny them.

2.10    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.10 of the Amended Complaint, and, therefore, deny them.

2.11    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.11 of the Amended Complaint, and, therefore, deny them.

2.12    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.12 of the Amended Complaint, and, therefore, deny them.

2.13    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.13 of the Amended Complaint, and, therefore, deny them.

### III. Jurisdiction, Capacity, and Standing

3.01    State Defendants deny the allegations in paragraph 3.01 of the Amended Complaint.

3.02    State Defendants deny the allegations in paragraph 3.02 of the Amended Complaint.

3.03    State Defendants admit a court may have jurisdiction over certain causes of action for declaratory judgment to determine whether an agency exceeded its statutory authority, to obtain a declaration of a party's rights under a statute, or to determine whether an agency's action was constitutional. State Defendants deny all remaining allegations in paragraph 3.03 of the Amended Complaint.

3.04    State Defendants admit this Court may have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) due to the federal questions involved in this case that are not barred by sovereign immunity, qualified immunity or official immunity. State Defendants deny all remaining allegations in paragraph 3.04 of the Amended Complaint.

3.05    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.05 of the Amended Complaint, and, therefore, deny them.

## IV. Venue

4.01    State Defendants admit the allegations in paragraph 4.01 of the Amended Complaint.

## V. Overview

5.01    Paragraph 5.01 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.01 of the Amended Complaint, and, therefore, deny them.

5.02    Paragraph 5.02 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.02 of the Amended Complaint, and, therefore, deny them.

5.03    Paragraph 5.03 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.03 of the Amended Complaint, and, therefore, deny them.

5.04    State Defendants deny the allegations in paragraph 5.04 of the Amended Complaint.

## VI. Background Facts

6.01    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.01 of the Amended Complaint, and, therefore, deny them.

6.02    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Carol Everett ("Everett") played a role in defunding Planned Parenthood and what steps she may have taken and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.02 of the Amended Complaint.

6.03    Paragraph 6.03 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Everett was targeted by pro-choice groups and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.03 of the Amended Complaint.

6.04    State Defendants admit that in 2016, Texas implemented the Healthy Texas Women ("HTW") and Family Planning Program ("FPP") (collectively, the "Programs") and that the Programs were designed to provide healthcare services to women in Texas. State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.04 of the Amended Complaint, and, therefore, deny them.

6.05    State Defendants admit that providers under the Programs had to agree not to provide abortions. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Everett/Plaintiff had desires and goals, what their understanding was about state contract compliance or ability to succeed and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.05 of the Amended Complaint.

6.06    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.06 of the Amended Complaint, and, therefore, deny them.

6.07    State Defendants admit that (1) during the summer 2016 Plaintiff submitted proposals to HHSC to contract with it under the Programs, (2) Plaintiff was awarded a contract under the Programs, (3) HHSC signed the HTW contract in July 2016, and (4) the contract period ran from signing through August 31, 2017. State Defendants deny all remaining allegations in paragraph 6.07 of the Amended Complaint.

6.08    State Defendants admit that HHSC signed the FPP contract in January 2017. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Everett/Plaintiff's thoughts and abilities and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.08 of the Amended Complaint.

6.09    State Defendants deny the allegations in paragraph 6.09 of the Amended Complaint.

6.10    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Everett/Plaintiff's thoughts and abilities and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.10 of the Amended Complaint.

6.11    State Defendants admit that (1) in August 2017, HHSC renewed the Programs contracts effective September 1, 2017; (2) in 2018, HHSC auditors from the Fiscal Monitoring Unit ("FMU") reviewed Plaintiff's activities; (3) Plaintiff received a new HHSC contract manager in 2018; and (4) the discrepancies found by the FMU auditors predated April 13, 2018. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Everett/Plaintiff's thoughts and abilities and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.11 of the Amended Complaint.

6.12    State Defendants admit that (1) the FMU auditors reviewed Plaintiff's activities from September 1, 2017 through April 13, 2018, (2) the FMU auditors issued the Initial Report of Findings on July 12, 2018, and (3) a final report was issued on October 12, 2018. State Defendants deny the remaining allegations in paragraph 6.12 of the Amended Complaint.

6.13    State Defendants admit the FMU auditors final report consisted of six enumerated findings from the period covering September 1, 2017 through April 13, 2018. State Defendants deny the remaining allegations in paragraph 6.13 of the Amended Complaint.

6.14    State Defendants admit that Finding #1 of the Final Report dealt with $50 dollar predetermined fees Plaintiff paid to subrecipient providers per HTW/FPP claim and other

amounts paid for subrecipient providers' personnel costs; the finding, however, was subject to a then-ongoing investigation by the OIG. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Everett/Plaintiff's thoughts and abilities and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.14 of the Amended Complaint.

6.15     State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Everett/Plaintiff's thoughts and abilities and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.15 of the Amended Complaint.

6.16     State Defendants admit that Finding #2 of the Final Report dealt with the way Plaintiff charged its payroll to the FPP and HTW grants; the finding, however, was subject to a then-ongoing investigation by the OIG. State Defendants deny the remaining allegations in paragraph 6.16 of the Amended Complaint.

6.17     State Defendants admit that as a result of the FMU review, which identified questioned costs, Plaintiff returned $29,431.28 to HHSC by crediting its reimbursement request voucher for August 2018. State Defendants admit that the 2019 final report for the preliminary OIG investigation noted the preliminary amounts to be repaid "if repayment has not [already] been made" but did not specifically state Plaintiff had made repayment. State Defendants deny all remaining allegations in paragraph 6.17 of the Amended Complaint.

6.18     State Defendants admit that following issuance of the report on July 12, 2018, Plaintiff and HHSC amended the HTW contract on July 18, 2018 and amended the FPP contract on

July 30, 2018. State Defendants deny all remaining allegations in paragraph 6.18 of the Amended Complaint.

6.19    State Defendants admit that (1) the 2019 fiscal year began on September 1, 2018; and (2) the 2021 Audit Report (defined below) was issued on July 30, 2021 and speaks for itself, including a statement that there were control weaknesses in Plaintiff's financial processes, in addition to control weaknesses in HHSC's contract oversight. State Defendants deny all remaining allegations in paragraph 6.19 of the Amended Complaint.

6.20    State Defendants admit that, in September 2018, the Texas Observer published an article about Plaintiff. State Defendants deny the remaining allegations in paragraph 6.20 of the Amended Complaint.

6.21    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's thoughts and actions and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.21 of the Amended Complaint.

6.22    State Defendants admit that on October 12, 2018, HHSC gave Plaintiff notice that it was terminating contract no. 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-00053 (FPP) and contract no. 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-00006 (HTW) with Plaintiff effective December 11, 2018. State Defendants also admit that the termination was in accordance with HHSC Uniform Terms and Conditions, Article VIII: Contract Management and Early Termination, Section 8.02: Termination for Convenience. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations—including all subparts—concerning Plaintiff's thoughts and beliefs and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.22 of the Amended Complaint.

6.23    State Defendants admit that Lesley French was the Associate Commissioner overseeing the Programs. State Defendants deny the remaining allegations in paragraph 6.23 of the Amended Complaint.

6.24    State Defendants admit that HHSC issued a statement concerning its termination of the HTW and FPP contracts with Plaintiff. State Defendants deny the remaining allegations in paragraph 6.24 of the Amended Complaint.

6.25    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.25 of the Amended Complaint, and, therefore, deny them.

6.26    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Phyllis Morgan's ("Morgan") performance, behavior and motives and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.26 of the Amended Complaint.

6.27    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Morgan's thoughts and actions and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.27 of the Amended Complaint.

6.28    State Defendants lack knowledge or information sufficient to form a belief about the allegation that "Morgan's…postemployment accessing of [Plaintiff's] files was prohibited by [Plaintiff's] policies, to which Morgan assented upon employment," and, therefore, denies the allegation. State Defendants deny the remaining allegations in paragraph 6.28 of the Amended Complaint.

6.29    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.29 of the Amended Complaint, and, therefore, deny them.

6.30    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.30 of the Amended Complaint, and, therefore, deny them.

6.31    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.31 of the Amended Complaint, and, therefore, deny them.

6.32    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's thoughts and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.32 of the Amended Complaint.

6.33    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.33 of the Amended Complaint, and, therefore, deny them.

6.34    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.34 of the Amended Complaint, and, therefore, deny them.

6.35    State Defendants deny the allegations in paragraph 6.35 of the Amended Complaint.

6.36    State Defendants admit that HHSC Associate Commissioner for Contract Administration made a referral to the OIG on July 11, 2018 concerning Plaintiff's activities pursuant to their Programs contracts based on findings from the FMU review of Plaintiff's activities. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Morgan's termination from Plaintiff, thoughts and actions and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.36 of the Amended Complaint.

6.37    State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.37 of the Amended Complaint, and, therefore, deny them.

6.38     The State Defendants admit that an e-mail from Morgan to Dacus was sent on August 22, 2018 and that the content of the e-mail in its entirety speaks for itself, however, to the extent the Plaintiff excerpts and provides its own characterization of the e-mail, State Defendants deny Plaintiff's characterization of the e-mail and that the excerpts represent the entirety of the communication. State Defendants deny all remaining allegations in paragraph 6.38 of the Amended Complaint.

6.39     The State Defendants admit that on December 4, 2018, Dacus e-mailed Morgan and that the contents of the e-mail in its entirety speaks for itself, however, to the extent the Plaintiff excerpts and provides its own characterization of the e-mail, State Defendants deny Plaintiff's characterization of the e-mail and that the excerpts represent the entirety of the communication. State Defendants deny all remaining allegations in paragraph 6.39 of the Amended Complaint.

6.40     State Defendants admit that on March 18, 2019, Morgan sent an e-mail to Dacus and that the contents of the e-mail in its entirety speaks for itself, however, to the extent the Plaintiff excerpts and provides its own characterization of the e-mail, State Defendants deny Plaintiff's characterization of the e-mail and that the excerpts represent the entirety of the communication. State Defendants deny all remaining allegations in paragraph 6.40 of the Amended Complaint.

6.41     State Defendants deny that Defendants Gaylon Dacus, HHSC and OIG accessed Plaintiff's documents. State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.41 of the Amended Complaint, and, therefore, deny them.

6.42     State Defendants admit that (1) in March 2019, OIG submitted a request for information ("RFI") to Plaintiff; (2) on April 4, 2019, Plaintiff's representatives met with OIG investigators; and (3) OIG investigators met with Everett in July 2020. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to what Plaintiff knew or did not know, and, therefore, denies those allegations. State Defendants deny the remaining allegations in paragraph 6.42 of the Amended Complaint.

6.43     State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.43 of the Amended Complaint, and, therefore, deny them.

6.44     State Defendants admit that (1) Dirk Johnson spoke with Stuart Bowen, counsel for Plaintiff, and informed Mr. Bowen that the 2019 final report was completed for the preliminary OIG investigation, and (2) the preliminary OIG investigation primarily involved a document-driven analysis. State Defendants deny the allegations in paragraph 6.44 of the Amended Complaint.

6.45     State Defendants deny the allegations in paragraph 6.45 of the Amended Complaint.

6.46     State Defendants deny the allegations in paragraph 6.46 of the Amended Complaint.

6.47     State Defendants admit that the 2019 final report for the preliminary OIG investigation identified questionable payments to four contracted professionals without evidence of contracted services actually being delivered. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Morgan's thoughts and actions

and, therefore, deny them. State Defendants deny the remaining allegations in paragraph 6.47 of the Amended Complaint.

6.48    State Defendants deny the allegations in paragraph 6.48 of the Amended Complaint.

6.49    State Defendants admit that Stuart Bowen, former Inspector General and counsel for Plaintiff, allegedly received an "anonymous" email from bigredflag02@protonmail.com on July 20, 2019 that stated:

> The two top lawyers at the IG are leaking info to the media and legislators about the Heidi Group investigation. Somehow two big Democrat donors ended up heading legal for the IG, both donors to planned Parenthood and other far left candidates and pacs. Dirk Johnson, General Counsel and Jen Kaufman, senior counsel are both major liberals who shouldn't have been allowed near the case. Kaufman's husband is a huge liberal donor in Austin and is over the Internal Affairs group heading up the investigation. Jen Kaufman was overhead [sic] discussing key investigative information with a reporter from Austin American statesman. Dirk Johnson has made comments in open meetings about being afraid to travel in the south with his African American wife because "of all the racist white people in the south with guns." How an Abbott appointee allowed the agency's most important Division to be hijacked by these folks is beyond me. Open records request [sic] being received by the agency indicate someone intimately familiar with the case has given them parameters for requests as well so pretty thinly veiled.

State Defendants deny all remaining allegations in paragraph 6.49 of the Amended Complaint.

6.50    State Defendants admit that the 2019 final report for the preliminary OIG Internal Affairs investigation made a preliminary determination that Plaintiff's total owed for lack of contractual compliance was $1,563,247.34 and that the evidence supported referring the matter to the OIG Audit Division and expanding the investigation to cover the entire contract period. State Defendants deny any remaining allegations in paragraph 6.50 of the Amended Complaint.

6.51    State Defendants admit that (1) the 2021 Audit Report (defined below) covered the entire HTW and FPP contract periods, and (2) the outside forensic auditor was hired as a full-time

OIG employee and present at the entrance conference. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations as to what Plaintiff perceived, and, therefore, denies those allegations. State Defendants deny all remaining allegations in paragraph 6.51 of the Amended Complaint.

6.52    State Defendants deny the allegations in paragraph 6.52 of the Amended Complaint.

6.53    State Defendants admit that the OIG full audit began in November 2019 and was completed in July 2021. State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's business oversight and solvency issues and, therefore, deny them. State Defendants deny all remaining allegations in paragraph 6.53 of the Amended Complaint.

6.54    State Defendants admit that (1) on July 30, 2021, OIG issued OIG Report No. AUD-21-018, an audit report of Plaintiff's HTW and FPP contract compliance (the "2021 Audit Report"); (2) the 2021 Audit Report covered the entire HTW and FPP contract periods; (3) the 2021 Audit Report concluded that Plaintiff received at least $136,755.42 in reimbursements through its HTW and FPP grants that were not allowable under its contract or not adequately supported to determine allowability; and (4) the 2021 Audit Report states that OIG Audit did not find evidence of fraud during the course of the audit. State Defendants deny the remaining allegations in paragraph 6.54 of the Amended Complaint.

6.55    State Defendants admit that the quotations from the 2021 Audit Report in para-graph 6.55 of the Amended Complaint are accurate, exclusive of the characterizations not con-tained within the quotations. State Defendants deny all remaining allegations in paragraph 6.55 of the Amended Complaint.

6.56    State Defendants admit the allegations in paragraph 6.56 of the Amended Com-plaint.

6.57    Paragraph 6.57 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants lack knowledge or in-formation sufficient to form a belief about the truth of the allegations that Plaintiff intends to add additional individuals as Defendants John/Jane Does and, therefore, deny them. State Defendants deny all remaining allegations in paragraph 6.57 of the Amended Complaint.

VII. <u>Causes of Action</u>

Page 28, Footnote 1    State Defendants admit the allegations in Footnote 1 on page 28 of the Amended Complaint.

7.01    Paragraph 7.01 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants incorporate their an-swers and responses from the preceding paragraphs.

7.02    Paragraph 7.02 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plain-tiff is asserting a violation of its Texas constitutional rights against the Defendants identified in paragraph 7.02 of the Amended Complaint. State Defendants deny all remaining allegations in par-agraph 7.02 of the Amended Complaint.

7.03    Paragraph 7.03 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted the text of Texas Civil Practice and Remedies Code §§ 37.002(a), (b) in paragraph 7.03 of the Amended Complaint. State Defendants deny the remaining allegations in paragraph 7.03 of the Amended Compliant.

7.04    Paragraph 7.04 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that (1) Plaintiff's declaratory judgment act claims should be construed under the Federal—not Texas— declaratory judgment act; (2) Plaintiff cannot assert state rights under 42 U.S.C. § 1983; and (3) the Federal declaratory judgment act does not create a cause of action. State Defendants deny the remaining allegations in paragraph 7.04 of the Amended Complaint.

Page 29, Footnote 2    State Defendants admit the allegations in Footnote 2 on page 29 of the Amended Complaint.

Page 29, Footnote 3    State Defendants admit the allegations in Footnote 3 on page 29 of the Amended Complaint.

7.05    State Defendants deny the allegations in paragraph 7.05 of the Amended Complaint.

7.06    Paragraph 7.06 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit the allegations in paragraph 7.06 of the Amended Complaint.

7.07    State Defendants deny the allegations in paragraph 7.07 of the Amended Complaint.

7.08    Paragraph 7.08 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the declaratory relief stated in paragraph 7.08 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.08 of the Amended Complaint.

7.09    Paragraph 7.09 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted the text of Texas Constitution, Article 1, Section 9 in paragraph 7.09 of the Amended Complaint. State Defendants deny the remaining allegations in paragraph 7.09 of the Amended Compliant.

7.10    State Defendants deny the allegations in paragraph 7.10 of the Amended Complaint.

7.11    Paragraph 7.11 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the declaratory relief stated in paragraph 7.11 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.11 of the Amended Complaint.

7.12    Paragraph 7.12 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit the allegations in paragraph 7.12 of the Amended Complaint.

7.13    State Defendants deny the allegations in paragraph 7.13 of the Amended Complaint.

7.14    Paragraph 7.14 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the declaratory relief stated in paragraph 7.14 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.14 of the Amended Complaint.

7.15    Paragraph 7.15 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted the text of Texas Constitution, Article 1, Section 6 in paragraph 7.15 of the Amended Complaint. State Defendants deny the remaining allegations in paragraph 7.15 of the Amended Compliant.

7.16    State Defendants deny the allegations in paragraph 7.16 of the Amended Complaint.

7.17    Paragraph 7.17 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the declaratory relief stated in paragraph 7.17 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.17 of the Amended Complaint.

7.18    Paragraph 7.18 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants incorporate their answers and responses from the preceding paragraphs.

7.19    Paragraph 7.19 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff is asserting violations of 42 U.S.C. § 1983 against the Defendants identified in paragraph 7.19

of the Amended Complaint. State Defendants deny all remaining allegations in paragraph 7.19 of the Amended Complaint.

7.20    Paragraph 7.20 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted the text of 42 U.S.C. § 1983 in paragraph 7.20 of the Amended Complaint. State Defendants deny the remaining allegations in paragraph 7.20 of the Amended Compliant.

7.21    State Defendants deny the allegations in paragraph 7.21 of the Amended Complaint.

7.22    Paragraph 7.22 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted the text of the U.S. Constitution in paragraph 7.22 of the Amended Complaint. State Defendants deny the remaining allegations in paragraph 7.22 of the Amended Compliant.

7.23    Paragraph 7.23 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants deny the allegations in paragraph 7.23 of the Amended Complaint.

7.24    State Defendants deny the allegations in paragraph 7.24 of the Amended Complaint.

7.25    Paragraph 7.25 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants deny the allegations in paragraph 7.25 of the Amended Complaint.

7.26     State Defendants deny the allegations in paragraph 7.26 of the Amended Complaint.

7.27     State Defendants deny the allegations in paragraph 7.27 of the Amended Complaint.

7.28     State Defendants deny the allegations in paragraph 7.28 of the Amended Complaint.

7.29     State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning what Plaintiff knew or thought and, therefore, denies them. State Defendants deny any remaining allegations in paragraph 7.29 of the Amended Complaint.

7.30     State Defendants deny the allegations in paragraph 7.30 of the Amended Complaint.

7.31     Paragraph 7.31 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit the allegations in paragraph 7.31 of the Amended Complaint.

7.32     State Defendants deny the allegations in paragraph 7.32 of the Amended Complaint.

7.33     Paragraph 7.33 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit the allegations in paragraph 7.33 of the Amended Complaint.

7.34     State Defendants deny the allegations in paragraph 7.34 of the Amended Complaint.

7.35     Paragraph 7.35 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that (1) Plaintiff has properly quoted the text of the U.S. Constitution in paragraph 7.35 of the Amended Complaint, and (2) the Establishment Clause applies to the states through the Fourteenth Amendment to the U.S. Constitution. State Defendants deny the remaining allegations in paragraph 7.35 of the Amended Complaint.

7.36     State Defendants deny the allegations in paragraph 7.36 of the Amended Complaint.

7.37     Paragraph 7.37 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit the allegations in paragraph 7.37 of the Amended Complaint.

7.38     State Defendants deny the allegations in paragraph 7.38 of the Amended Complaint.

7.39     Paragraph 7.39 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the declaratory and equitable relief stated in paragraph 7.39 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.39 of the Amended Complaint.

7.40     Paragraph 7.40 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the monetary relief stated in paragraph 7.40 of the Amended Complaint; however, State

Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all allegations in paragraph 7.40 of the Amended Complaint.

7.41    Paragraph 7.41 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the attorney fees and court costs stated in paragraph 7.41 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.41 of the Amended Complaint.

7.42    Paragraph 7.42 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants incorporate their answers and responses from the preceding paragraphs.

7.43    Paragraph 7.43 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff is asserting a violation of Texas Civil Practice and Remedies Code § 106.001, et seq. against the Defendants identified in paragraph 7.43 of the Amended Complaint. State Defendants deny all remaining allegations in paragraph 7.43 of the Amended Complaint.

7.44    Paragraph 7.44 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted the text of Texas Civil Practice and Remedies Code § 106.001(a) in paragraph 7.44 of the Amended Complaint.

7.45    State Defendants deny the allegations in paragraph 7.45 of the Amended Complaint.

7.46    State Defendants deny the allegations in paragraph 7.46 of the Amended Complaint.

7.47    State Defendants deny the allegations in paragraph 7.47 of the Amended Complaint.

7.48    State Defendants deny the allegations in paragraph 7.48 of the Amended Complaint.

7.49    Paragraph 7.49 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the equitable relief stated in paragraph 7.49 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.49 of the Amended Complaint.

7.50    Paragraph 7.50 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the attorney fees and court costs stated in paragraph 7.50 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.50 of the Amended Complaint.

7.51    State Defendants deny the allegations in paragraph 7.51 of the Amended Complaint.

7.52    Paragraph 7.52 of the Amended Complaint contains statements that do not require a response. To the extent any response may be required, State Defendants incorporate their answers and responses from the preceding paragraphs.

7.53    Paragraph 7.53 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff is asserting a violation of Texas Penal Code, Chapter 33 and Texas Civil Practice and Remedies Code § 143.001(a)-(b) against the Defendants identified in paragraph 7.53 of the Amended Complaint. State Defendants deny all remaining allegations in paragraph 7.53 of the Amended Complaint.

7.54    Paragraph 7.54 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted Texas Penal Code § 33.02(a), (b-1) in paragraph 7.54 of the Amended Complaint. State Defendants deny all remaining allegations in paragraph 7.54 of the Amended Complaint.

7.55    Paragraph 7.55 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted Texas Civil Practice and Remedies Code § 143.001(a)-(b) in paragraph 7.55 of the Amended Complaint.

7.56    Paragraph 7.56 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted Texas Penal Code §§ 33.01(1), (4), (8) in paragraph 7.56 of the Amended Complaint. State Defendants deny all remaining allegations in paragraph 7.56 of the Amended Complaint.

7.57    State Defendants deny the allegations in paragraph 7.57 of the Amended Complaint.

7.58    Paragraph 7.58 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff has properly quoted Texas Penal Code § 31.01(1) in paragraph 7.58 of the Amended Complaint. State Defendants deny all remaining allegations in paragraph 7.58 of the Amended Complaint.

7.59    State Defendants deny the allegations in paragraph 7.59 of the Amended Complaint.

7.60    Paragraph 7.60 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the damages, attorneys' fees, and costs stated in paragraph 7.60 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 7.60 of the Amended Complaint.

## VIII. Attorneys' Fees

8.1    Paragraph 8.1 of the Amended Complaint contains legal conclusions that do not require a response. To the extent any response may be required, State Defendants admit that Plaintiff seeks the attorneys' fees stated in paragraph 8.1 of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 8.1 of the Amended Complaint.

## IX. Jury Demand

9.1    State Defendants admit that Plaintiff has made a demand for a jury trial in paragraph 9.1 of the Amended Complaint. State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9.1 of the Amended Complaint, and, therefore, deny them.

X. <u>Prayer</u>

10.1    State Defendants admit that Plaintiff seeks the relief stated in paragraph 10.1 (including all subparts) of the Amended Complaint; however, State Defendants deny that Plaintiff is entitled to such relief. State Defendants deny all remaining allegations in paragraph 10.1 of the Amended Complaint.

## II.  **AFFIRMATIVE AND OTHER DEFENSES**

By asserting any of the following defenses, State Defendants are not assuming any burden—whether of proof, production, or persuasion—relating to the defense that is not otherwise imposed by law:

1.    Plaintiff's claims against State Defendants are barred—in whole or in part—by sovereign immunity, qualified immunity, official immunity, and other applicable immunities. Specifically, State Defendants assert that they have not violated any clearly established rights of Plaintiff.

2.    Plaintiff fails to state a claim upon which relief can be granted against the State Defendants.

3.    Any actions taken against Plaintiff were based on legitimate and non-discriminatory reasons and were taken without discriminatory animus.

4.    State Defendants would have taken the same actions with respect to Plaintiff regardless of any beliefs, opinions, or views allegedly held by Plaintiff.

5.    Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

6.    Plaintiff failed to mitigate its damages, if any.

7.    Any damages that Plaintiff may assert are subject to applicable caps on damages.

8.    Plaintiff's claims are barred, in whole or in part, by estoppel or unclean hands.

### III. <u>ATTORNEYS' FEES</u>

If State Defendants prevail on Plaintiffs' claims against them under 42 U.S.C. § 1983, then State Defendants—as the prevailing party—are entitled to reasonable attorney's fees as part of the costs in accordance with 42 U.S.C. § 1988(b).

### IV. <u>PRAYER FOR RELIEF</u>

State Defendants respectfully request this Court to enter judgment for State Defendants and against Plaintiff, to dismiss Plaintiff's claims against State Defendants with prejudice, to award State Defendants their costs, including attorney's fees, and to grant State Defendants such other relief to which they are entitled.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ C. Lee Winkelman*
**C. LEE WINKELMAN**
Texas Bar No. 24042176
Assistant Attorney General
General Litigation Division
*Attorney in Charge*
P.O. Box 12548
Austin, Texas 78711
(737) 231-7737 – Phone
(512) 320-0667 – Fax
lee.winkelman@oag.texas.gov

***Counsel for State Defendants***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on July 28, 2025, via the court's e-service system on all counsel of record.

*/s/ C. Lee Winkelman*
**C. LEE WINKELMAN**
Assistant Attorney General