**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **THE HEIDI GROUP, INC.** | § | |
|    **Plaintiff** | § | |
| | § | **CASE NO. 1:22-cv-00294** |
| **VS.** | § | |
| | § | |
| **TEXAS HEALTH AND HUMAN** | § | |
| **SERVICES COMMISSION;  et. al.,** | § | |
|    **Defendants** | § | |

_____

SECOND AMENDED SCHEDULING ORDER

_____

The scheduling recommendations provided by the parties on June 8, 2026 (Dkt. # 74-1) are adopted by the Court.  Therefore, the following dates are entered to control the course of this case:

1.  The parties must mediate this case on or before **December 4, 2026** and file a report in accordance with Rule 88 after the mediation is completed.

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by **October 16, 2026** and each opposing party shall respond, in writing, by **October 30, 2026.**

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by **November 20, 2026.**

4. All parties asserting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by

**October 16, 2026.** Parties resisting claims for relief shall file their designation of testifying experts and shall serve on all parties, but not file the materials required by Fed. R. Civ. P. 26(a)(2)(B), by **November 16, 2026.** All designations of rebuttal experts shall be designated within fourteen (14) days of receipt of the report of the opposing expert.

5.  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within thirty (30) days of receipt of the written report of the expert's proposed testimony, or within thirty (30) days of the expert's deposition, if a deposition is taken, whichever is later.

6.  The parties shall complete all discovery on or before **March 1, 2027**.  Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7.  All dispositive motions shall be filed no later than **April 2, 2027**.  Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length.  Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e).  **If parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.**

8. The hearing on dispositive motions will be set by the Court for a date after the deadline for responses and replies.

9.  The Court will set the case for trial by separate order.  The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

IT IS SO ORDERED.

DATED: Austin, Texas, June 9, 2026.

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE