## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| THE HEIDI GROUP, INC.,<br>*Plaintiff,*<br><br>v.<br><br>TEXAS HEALTH AND HUMAN SERVICES COMMISSION; CECILE ERWIN YOUNG, in her official capacity as COMMISSIONER OF TEXAS HEALTH AND HUMAN SERVICES; THE OFFICE OF THE INSPECTOR GENERAL FOR TEXAS HEALTH AND HUMAN SERVICES (OIG); SYLVIA KAUFFMAN in her official capacity as INSPECTOR GENERAL OF OIG; DIRK JOHNSON in his official capacity as CHIEF COUNSEL OF OIG and in his individual capacity; JENNIFER KAUFMAN in her official capacity as DIRECTOR OF INTERNAL AFFAIRS OF OIG and in her individual capacity; GAYLON DACUS in his official capacity as SENIOR INVESTIGATOR FOR OIG and in his individual capacity; PHYLLIS EVERETTE MORGAN; JOHN/JANE DOE 1 (officially and individually); JOHN/JANE DOE 2 (officially and individually); JOHN/JANE DOE 3 (officially and individually); and JOHN/JANE DOE 4 (officially and individually),<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:22-cv-00294 |

---

**THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION AND THE OFFICE OF INSPECTOR GENERAL FOR THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

---

TO THE HONORABLE U.S. DISTRICT JUDGE DAVID ALAN EZRA:

The Texas Health and Human Services Commission ("HHSC") and the Office of Inspector General for the Texas Health and Human Services Commission ("OIG") (collectively the "State Defendants") and respectfully request that this Court deny Plaintiff's Motion to Compel Production of Documents and Interrogatory Answers from State Defendants (the "Motion"). Based on the conversations and ongoing cooperation between the parties, this Motion is premature, at best, and unnecessary. State Defendants have neither refused to produce documents nor withheld documents based on privilege. Indeed, on June 17, 2026, OIG made production of 18,190 pages of responsive documents to Plaintiff while HHSC's production is forthcoming.[1] Moreover, the State Defendants timely answered Plaintiff's interrogatories and Plaintiff does not take issue with those answers. Plaintiff's Motion was completely unnecessary.[2] As it stands, Plaintiff's motion is moot, or at the very least premature, and should be denied in its entirety.

## INTRODUCTION

This is a document-intensive case.[3] The counsel for all parties to this action have discussed the magnitude of the documents likely to be produced on multiple occasions, including the need

---

[1] State Defendants reserve the right to withhold documents based on an applicable privilege. State Defendants will not withhold documents based upon Texas Government Code privileges. The documents produced are marked Confidential in accordance with the protective order entered in this case.

[2] Plaintiff was aware that State Defendants intended to produce documents, and as stated, does not take issue with State Defendants' answers to their interrogatories. Further, State Defendants' counsel was out of the office for medical reasons when Plaintiff filed its Motion and unable to respond to emails indicating Plaintiff intended to file its Motion until after it was filed.

[3] Counsel for Plaintiff met with counsel for HHSC and OIG in April 2026 to discuss Plaintiff's motion to compel. During that meeting, counsel for HHSC and OIG made it clear to Plaintiff's counsel that HHSC and OIG had hundreds of thousands of documents to review and would need to produce documents on a rolling basis. HHSC and OIG were awaiting entry of the protective order before setting out a schedule for their production.

for all parties to produce responsive documents on a rolling basis. State Defendants have begun producing documents on a rolling basis as discussed with Plaintiff's counsel and production of documents will be supplemented with a privilege log identifying which, if any, documents have been withheld based on claims of privilege. Based on the conversations between the parties and intent expressed by both sides, it is premature for Plaintiff to move to compel and challenge the applicability of privileges claimed that will not prevent the production of responsive materials. Likewise, it is premature to challenge objections to interrogatories that have not prevented responses. The State Defendants will continue to work with Plaintiff to make a complete production of documents responsive to Plaintiff's requests consistent with the terms of the Confidentiality and Protective Order ("CPO").[4] As Plaintiff's ability to conduct discovery and receive responsive information is in no way harmed by State Defendants' objections and privilege assertions, Plaintiff's motion should be denied as premature and/or moot.

**A. As negotiated between counsel, State Defendants have agreed to produce certain documents that are otherwise subject to privilege following the entry of a CPO. State Defendants have commenced rolling production. Consequently, Plaintiff's motion is premature and/or moot as to document production.**

As Plaintiff is aware, the State Defendants' production of documents is ongoing and will continue on a rolling basis, much like Plaintiff's document production to State Defendants. State Defendants production of documents has been contingent upon entry of the CPO by this Court. As discussed with Plaintiff during discussions of a proposed CPO, State Defendants will be marking certain documents 'Confidential' due to State Defendants' claims of privilege pursuant to the

---

[4] *See* Dkt. #72, Confidentiality and Protective Order, ("CPO") signed May 27, 2026, FN 2: "The parties dispute whether Texas Government Code §§ 544.0259 and 544.0110 apply…therefore, solely for purposes of…discovery in this case, information and documents may be designated "Confidential" based on these provisions."

Texas Government Code ("OIG Investigative Privileges"), and other privileges recognized in the CPO.  Importantly, State Defendants are **_not_** withholding documents based upon the OIG Investigative Privileges. Rather, State Defendants have waited until proper protections are in place to ensure that documents that would otherwise be withheld as privileged are not being disseminated outside the confines of the instant lawsuit. State Defendants have made a substantial initial production of documents as of June 17, 2026, and will continue production of documents on a rolling basis.  A motion to compel the production of the documents is futile when the documents subject to the motion are about to be produced and the moving party is aware that production is forthcoming. *see Byrd v. U.S. Silica Co.,* No. 4:22-CV-875-SPM, 2024 WL 6881526, at *8 (E.D. Mo. June 21, 2024) ("Because [Defendant] is in the process of gathering additional documents for production to Plaintiffs, and because those documents may well address the issues raised in Plaintiffs' motion to compel regarding request 7, as well as other requests, Plaintiffs' motion to compel production of documents responsive to request 7 appears to be both premature and moot.") Here, State Defendants have already commenced production of documents to Plaintiff and will continue doing so on a rolling basis.

B. **State Defendants have timely served answers to Plaintiff's interrogatories with proper objections and assertions of privilege.  Despite these objections and assertions of privilege, State Defendants have not deliberately withheld relevant information on the basis of those objections and privileges.[5]  Consequently, Plaintiff's motion is premature and/or moot as to State Defendants' interrogatory responses and objections.**

The State Defendants timely served their objections and responses to Plaintiff's interrogatories, and Plaintiff does not take issue with the responses.

---

[5] As stated *supra* at fn.1 State Defendants reserve the right to withhold responses on the basis of Attorney Client Privilege and/or Attorney Work Product.  To the extent that responsive information is subject to OIG Privileges, State Defendants will produce said information consistent with the CPO.

While State Defendants have not deliberately withheld relevant information from their answers based on objections or any claim of privilege, Plaintiff has sued attorneys that worked and/or work for State Defendants in this matter. Those attorneys necessarily assisted in answering the interrogatories. As the State Defendants continue to gather information that could be subject to privileges, such as OIG's investigative privilege and/or attorney-related privileges, the State Defendants must preserve their claims of privilege.  Rule 37 is designed to compel answers, not to challenge objections for the sake of challenging them.

State Defendants also cannot simply eliminate their objections to Plaintiff's interrogatories solely on the basis that they are seeking to withhold information; in accordance with Federal Rule of Civil Procedure 33(b), objections must be included with the timely provided answer or any such objection is waived.  Where, on the face of an interrogatory an objection is appropriate, it must be clearly stated and is not dependent on the information provided. State Defendants have made a diligent and good faith effort to provide comprehensive responses to Plaintiff's interrogatories. Nevertheless, discovery is ongoing, some of Plaintiff's interrogatories are glaringly objectionable and State Defendants stand on their appropriate and valid objections.

Consequently, Plaintiff's Motion as to State Defendants' interrogatory responses and objections should be denied.

## ARGUMENT

**A. The OIG Investigative Privileges of the Texas Government Code apply in this case. Nevertheless, State Defendants are not withholding responses or documents based on the OIG Investigative Privilege, pursuant to the terms of the CPO. Consequently, the basis for Plaintiff's motion is premature and/or moot.**

**1. The OIG Investigative Privilege applies to this matter.**

Federal, not state, laws of privilege generally apply to claims in federal court under federal-question jurisdiction. Conversely, state laws of privilege apply to state-law claims in federal court under diversity jurisdiction. *Garza v. Scott & White Memorial Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005). But where, as in this matter, there is a federal question involved along with state-law claims, it is not settled which law should apply. Neither the Fifth Circuit nor the U.S. Supreme Court have resolved the issue in its entirety. *Jaffee v. Redmond*, 518 U.S. 1, 17 n. 15 (1996) (declining to decide "the proper rule in cases…in which both federal and state claims are asserted in federal court and relevant evidence would be privileged under state law but not under federal law.").

In federal-question cases with supplemental state-law claims, the consensus of federal district courts in Texas has been to apply state laws on privilege to evidence that relates to a state-law claim. *See e.g., King v. VHS San Antonio Partners, Inc.*, No. SA-16-CV-01201-XR, 2017 WL 10719714, *2 (W.D. Tex. Dec. 7, 2017) (Chestney, Mag. J.) ("[I]f the evidence only relates to the state-law claims…courts have held that state privilege law applies.") (citing *Guzman v. Mem'l Hermann Hosp. Sys.*, No. CIV.A. H-07-3973, 2009 WL 427268, **3-6 (S.D. Tex. Feb. 20, 2009); *Garza*, 234 F.R.D. at 625 ("[T]he plain implication of the text of [FRE 501] is that state privilege law should apply whenever an element of a state law claim or defense is at issue."). Plaintiff's Motion is directed at only HHSC and OIG, the state agencies party to this matter. Though Plaintiff

has asserted federal claims against other defendants in this case, it has only asserted supplemental state-law claims against the state agencies, HHSC and OIG.[6] Accordingly, to the extent the documents Plaintiff is seeking are relevant to the state-law claims against HHSC and OIG, they are subject to the privilege afforded under Texas Government Code, Sections 544.0110 and 544.0259. *See* Tex. Gov't Code Ann. §§ 544.0110; 544.0259.

### 2. State Defendants are not using OIG Investigative Privilege as a shield to discovery but appropriate protection was required before production could begin.

State Defendants have not withheld any responsive documents based on OIG Investigative Privilege or any other privilege at this time. Instead, the State Defendants are working with Plaintiff to ensure all parties to this matter produce documents responsive to each respective party's requests in accordance with the CPO.

The CPO, signed by this Court on May 27th, allows HHSC and OIG to produce information protected by the Texas Government Code with a stamp designating the documents "Confidential," with restrictions on disclosure as stated in the order. Given these protections, State Defendants have agreed to produce responsive documents that would otherwise be protected from production. State Defendants do not waive their right to valid claims of privilege but have made concessions and committed to produce certain documents that may otherwise be privileged in order for this matter to progress. Consequently, the portions of Plaintiff's Motion addressing privileges, including OIG Investigative Privilege (*see* Dkt. #75, pp. 5-11, 17-18) are premature, inapplicable, or otherwise moot.

---

[6] Plaintiff has asserted federal claims against HHSC and OIG officials in their official capacity; however, they are separate defendants, and Plaintiff served them with written discovery requests that they, in turn, answered. Plaintiff, however, chose to direct this Motion only at HHSC and OIG—not the officials. It remains that Plaintiff has no federal claims against the entities, HHSC and OIG directly.

3. **Neither HHSC nor OIG have waived the attorney-client or work-product privileges. Any such finding would be premature as the State Defendants have commenced rolling production and have not withheld documents at this time.**

Plaintiff claims that HHSC and OIG have waived their claims to withhold documents based on the attorney-client privilege and work product doctrine because they have not produced a privilege log. As Plaintiff correctly points out, however, the obligation to produce a privilege log arises "at the time of withholding." (Dkt. #75, pp. 11). HHSC and OIG are diligently conducting a review of responsive documents, consistent with the rolling production, described *supra*, to determine which of those documents can rightfully be withheld based on the attorney-client privilege and/or attorney work product doctrine. Should they withhold any documents during production, HHSC and OIG fully intend to produce a privilege log as required by the Federal Rules, and as discussed with Plaintiff. Thus, contrary to Plaintiff's claim, neither HHSC nor OIG has waived the attorney-client privilege or work-product doctrine by failing to produce a privilege log when one is not yet required. Consequently, Plaintiff's Motion is premature.

4. **As indicated in their responses, neither HHSC nor OIG have deliberately withheld non-privileged documents based on their objections at this time.**

Plaintiff complains that neither HHSC nor OIG has provided a legally sufficient withholding statement related to what Plaintiff refers to as their "boilerplate" objections. However, neither HHSC nor OIG have deliberately withheld relevant, responsive documents based on their objections and a motion to compel is unwarranted at this time. Indeed, HHSC and OIG have committed to produce certain documents that could validly be withheld in order to allow this matter to progress. As discovery is ongoing, should documents be withheld pursuant to State Defendants' valid and appropriate objections, State Defendants will supplement its discovery responses to include a

withholding statement. Consequently, the portions of Plaintiff's Motion addressing HHSC's and OIG's objections (*see* Dkt. #75, pp. 13-17, 18-25) are premature.

5. **Plaintiff's Motion is misplaced as to the Interrogatory responses as both HHSC and OIG have provided complete answers to Plaintiff's interrogatories.**

Federal Rule of Procedure 37 allows a party to file a motion to compel an answer to interrogatories if a party fails to answer an interrogatory. Fed. R. Civ. P. 37(a)(B)(iii). **Neither HHSC nor OIG has refused to answer an interrogatory.** In its Motion, Plaintiff does not raise any issue with HHSC's or OIG's answers to any particular interrogatory by claiming that any answer is incomplete. Rather, Plaintiff simply asserts that HHSC's and OIG's objections and assertions of privilege should be overruled. Because neither HHSC nor OIG refused to answer an interrogatory or otherwise deliberately withheld information based on an objection or assertion of privilege at this time, the portions of Plaintiff's Motion addressing HHSC's and OIG's interrogatory responses should be denied.

B. **HHSC and OIG are separate entities, and Plaintiff cannot expect one of them to provide information from the other. Regardless of the relationship between HHSC and OIG, Plaintiff's motion must fail.**

Plaintiff takes issue with HHSC and OIG objecting to Plaintiff's requests for production and interrogatories on the basis that they are unable to provide documents from other defendants or answer interrogatories for one another. Plaintiff argues that they should be treated as the same entity because they are co-defendants, both parties to the same litigation, both represented by the same counsel, and both agencies are within the State of Texas government. (*See* Dkt. #75, pp. 21, 28). This argument is invalid.

*First*, Plaintiff chose to sue HHSC and OIG as separate entities.  According to Plaintiff's live pleading, "Defendant HHSC is an agency within the government of the State of Texas" and

"Defendant OIG is an *independent* agency within HHSC." *See* Dkt. #42, p. 3 (emphasis added). Moreover, Plaintiff acknowledged that each entity may be served through its Commissioner and Inspector General, respectively. *See id.*

Further, Plaintiff served HHSC and OIG with written discovery distinct to each entity – i.e., Plaintiff served HHSC with 17 numbered interrogatories and separately served OIG with 19 numbered interrogatories. Clearly, Plaintiff believes and understands HHSC and OIG to be independent, separate entities for purposes of litigation. Plaintiff should not thus be surprised that each entity responded as a separate entity nor should Plaintiff be permitted to benefit from treating HHSC and OIG as two distinct entities when propounding discovery only to switch tactics at the response stage with an unsupported claim that HHSC and OIG have unfettered access to one another's systems (which is an incorrect assumption) and therefore have an obligation to obtain any record in possession, custody or control of the other entity. While HHSC may be required to provide assistance to the OIG when deemed necessary to enable the OIG to accomplish its duties relating to investigations into fraud and abuse, the OIG enabling statute clearly contemplates and establishes the independence of the OIG. *See* Tex. Gov't Code Ann. §§ 544.0101; 544.0103 ("The governor shall appoint an inspector general to serve as director of the office of inspector general[;]" "The office of inspector general shall conduct audits, inspections, and investigations independent of the executive commissioner and the commission[.]"). Plaintiff is not simply asking HHSC and OIG to produce documentation already in its possession (i.e., documents obtained by OIG during its investigation) but instead demands that each entity seek and then produce documents independently controlled by the other. While it is unclear why Plaintiff is requesting dupli-

cative documentation from HHSC and OIG, it is nonetheless beyond the requirements of discovery. Plaintiff's argument that HHSC and OIG are both parties to the litigation and should thus be treated as one is similarly unpersuasive; HHSC and OIG are only parties to the same litigation because Plaintiff chose to sue them separately in the same litigation.

*Second*, as state agencies, HHSC and OIG are entitled to representation by the Office of the Attorney General, which is why they are represented by the same counsel. Moreover, there is nothing about being represented by the same counsel that would suggest they are the same entity; co-defendants are routinely represented by the same counsel in litigation. HHSC's and OIG's counsel also represents the individual defendants in this case. Would Plaintiff suggest that HHSC and OIG are the same as the individual defendants? Or that all the individual defendants are the same person? This argument by Plaintiff is nonsensical, and moreover, even if HHSC and OIG were one unit, Plaintiff has responses from HHSC and OIG that cover the universe of relevant information.

*Third*, the state government is comprised of numerous distinct agencies. Certainly, Plaintiff cannot believe that all state agencies are the same agency because they are part of one state government. Plaintiff could not request documents from HHSC belonging to the Texas Department of Insurance and reasonably expect that because they are both under the State of Texas umbrella, HHSC somehow has possession, custody, or control of those documents. HHSC and OIG maintain separate records and have their own employees. The Federal Rules only require them to produce their own records and gather information from their own agents or employees. *See e.g.,* Fed. R. Civ. P. 33(b)(1)(B), 34(a)(1). Whether they are viewed as separate entities or the same entity,

the State Defendants have provided a complete response to interrogatories and are prepared to make a complete document production on a rolling basis, rendering the motion moot.

**C. Even if the Court were to grant Plaintiff's Motion, it should not award Plaintiff expenses for its Motion.**

*First*, at the time of filing, Plaintiff knew that HHSC and OIG were not deliberately withholding documents as Plaintiff suggests in its Motion. It drafted the Motion months ago and sent to HHSC's and OIG's counsel for review. The parties' respective counsel then spent months negotiating a protective order so that the parties could produce the documents responsive to the respective requests. Plaintiff similarly did not begin production of documents responsive to HHSC's and OIG's discovery requests until the CPO was entered by this Court. It is unclear why Plaintiff prematurely claims HHSC and OIG are now withholding such documents. As discussed above and with Plaintiff's counsel, HHSC and OIG are going to produce documents as intended on a rolling basis given the sheer volume of material.

*Second*, it is clear from Plaintiff's Motion that neither HHSC nor OIG has refused or otherwise failed to answer any of Plaintiff's interrogatories. Thus, Plaintiff's Motion is not a motion to compel answers to interrogatories as contemplated by Rule 37. Rather, it is a Motion taking issue with interrogatory objections in a vacuum, solely for the sake of arguing about the propriety of the objections, and not to gain any additional discovery. Under these circumstances, an award of attorney fees would be inappropriate. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii) (stating that "the court must not order…payment if…circumstances make an award of expenses unjust.")

## PRAYER

Plaintiff's Motion is premature if not moot in its entirety.  State Defendants have agreed to, and have begun to, produce documents and have provided complete responses to interrogatories.  To the extent that any documents are withheld on the basis of a privilege, State Defendants will produce a privilege log.  Granting Plaintiff's motion will not serve any purpose as it will entitle Plaintiff to no materials beyond the tens of thousands of pages of documents which State Defendants continue to prepare for the rolling production of documents.  HHSC and OIG, therefore, respectfully request that this Court deny Plaintiff's Motion in its entirety.

Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ C. Lee Winkelman*
**C. LEE WINKELMAN**
*Lead Attorney*
Texas Bar No. 24042176
Assistant Attorney General
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(737) 231-7737 – Phone
(512) 320-0667 – Fax
lee.winkelman@oag.texas.gov

-AND-

*/s/ John B. Scott*
**John B. Scott**
State Bar No. 17901500
SCOTT & SCOTT, PLLC
316 W 12th St
Suite 200
Austin, Texas 78701
Phone: (682) 250-2142
John.scott@scottpllc.net

*Counsel for HHSC & OIG*

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2026, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. A true and correct copy of this document was also served on Defendant, Phyllis Everette Morgan, by email to email to peverette@saffrontrust.org.

*/s/ C. Lee Winkelman*
**C. LEE WINKELMAN**
Assistant Attorney General