| | | |
|---|---|---|
| THE HEIDI GROUP, INC. | § | |
| Plaintiff | § | |
| | § | NO. 1:22-cv-00294-DAE |
| VS. | § | |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION; et. al., | § | |
| Defendants | § | |

**Declaration of Edward Watt:**

I, Edward P. Watt, declare under penalty of perjury that the following is true and correct and within my personal knowledge.

My name is Edward P. Watt. I am over the age of eighteen, have never been convicted of a felony, and am fully competent to make this Declaration. I have personal knowledge of the facts stated herein, which are true and correct.

I am currently lead attorney for Plaintiff The Heidi Group, Inc. in the captioned case.

On April 7, 2026, pursuant to an agreed extension, Plaintiff timely responded to State Defendants' Requests for Production and Interrogatories. Simultaneously (i.e., within the same three-minute span), Plaintiff served State Defendants with (a) its proposed Motion for Protection and Confidential Protective Order; (b) four separate draft motions to compel: one each for OIG's RFP and Rog responses and HHSC's RFP and Rog responses; and (c) a letter inviting a meet-and-confer to discuss the MTC and Motion (and proposed CPO) for Protective Order, stating an intent to file the MTC within two weeks if agreement could not otherwise be reached on the issues.

On April 14, 2026, counsel conducted a video meeting to confer on the MTC and CPO issues. During that meeting, Mr. Winkelman stated that he would likely be producing all investigatory documents despite the claims of privilege, but had to receive confirmation from his clients. That confirmation never came and no response of any kind was ever provided to any of the four draft MTCs prior to the June 8, 2026 filing of the Consolidated Motion to Compel, despite numerous requests from Plaintiff and promises of responses by State Defendants. Attached Exhibit 5-A. At no point prior to the filing of this Motion — in the April 14 conference, in any subsequent communication, or in any written response to the draft MTCs — did State Defendants represent that they intended to produce documents on a rolling basis, that production would be forthcoming on any schedule, or that any production framework was being developed. The parties exchanged emails on April 14, 2026 following the meeting, and no mention is made of any production by State Defendants; only that a response to the MTC would be provided by "next Friday (4/24)." Exhibit 5-A.

Exhibit 5  Page 1 of 3

The only other event that might be characterized as a communication about State Defendants' production occurred during the negotiations over the form of the CPO to be entered. State Defendants added language reflecting that "information protected from disclosure by Texas Government Code §§ 544.0259" could be marked as Confidential. Plaintiff ultimately agreed to this insertion, but only in conjunction with adding footnote 2 to the CPO confirming that "the parties dispute" whether the Government Code provisions "apply in this federal proceeding" and that "[n]othing in this Order, however, shall be construed as a concession or admission by any party regarding the applicability, enforceability, or pre-emption of" the Government Code provisions "and the parties expressly reserve all such issues." May 27, 2026 CPO. Nothing in the CPO or the discussions surrounding it constituted any commitment by State Defendants to produce investigatory files or any other documents or to produce documents by any date or on any schedule. The CPO merely entitled State Defendants, if they chose to produce such documents, to mark them Confidential — without resolving whether those documents were in fact privileged or whether the Government Code provisions on which the Confidential designation was based apply in this federal proceeding.

Other than the non-committal statement by Mr. Winkelman in the April 14 video meeting referenced above and the foregoing negotiation surrounding the permitted inclusion of § 544.0259 documents as "Confidential" in the CPO, including the footnote 2 confirming the ongoing dispute about that privilege, no other statements were made by Defendants or their counsel to me committing to produce all investigatory documents or to produce any documents according to any future schedule or rolling basis. I have also reviewed all the emails between myself and Mr. Winkelman and found no such representations in any of them.

Following the April 14 conference, Mr. Winkelman committed on four separate occasions — beginning with the April 24 commitment referenced above — to respond to the draft MTCs by a specific date: by April 24 (as committed in his April 14 email); by the weekend of May 3 (as committed in his April 29 email); later on the afternoon of May 5 (as committed in his May 5 email); and by May 30 (as committed in his May 26 email). None of those commitments was kept. Between April 14 and June 8, 2026, the date this Motion was filed, State Defendants provided no substantive response of any kind to any of the four draft MTCs. The email record documenting these communications is attached as Exhibit 5-A.

As of the filing of this Reply, HHSC has just produced (at 3:03 this afternoon) its first documents in response to Plaintiff's RFP – seven links to approximately 45,000 pages. Before today, HHSC had produced no documents in response to Plaintiff's RFP or any other discovery request.

The chronology attached at pages 1-2 of Plaintiff's Reply is true and accurate.

The documents attached hereto as **Exhibit 5-A** are true and correct copies of email exchanges between Mr. Winkelman and me.

The documents attached hereto as **Exhibits 5-B and 5-C** are true and correct excerpts from the discovery requests served by Plaintiff on HHSC and OIG, respectively, reflecting the request for ESI in usable form as part of the RFPs. To date, no ESI has been produced in native format with associated metadata. The post-MTC production of 18,190 pages consists entirely of PDF

conversions (with the exception of 66 Excel spreadsheets produced in native format) with no accompanying load files, no metadata fields, and no custodian or date information beyond what appears on the face of each document when opened and individually read. The production consists of 1,356 individual PDF files (of greatly varying length), identified only by beginning Bates number, document type (all Adobe PDFs), and size. **Exhibit 5-D** is a true and correct screenshot of page 1 of OIG's June 17, 2026 PDF production download.

Signed this 26th day of June, 2026.

/s/ Edward P. Watt
Edward P. Watt