| | | |
|---|---|---|
| THE HEIDI GROUP, INC.<br>      Plaintiff<br><br>VS.<br><br>TEXAS HEALTH AND HUMAN<br>SERVICES COMMISSION;<br>CECILE ERWIN YOUNG, in her<br>official capacity as COMMIS-<br>SIONER OF TEXAS HEALTH<br>AND HUMAN SERVICES; THE<br>OFFICE OF THE INSPECTOR<br>GENERAL FOR TEXAS HEALTH<br>AND HUMAN SERVICES (OIG);<br>SYLVIA KAUFFMAN in her<br>official capacity as INSPECTOR<br>GENERAL OF OIG; DIRK<br>JOHNSON in his official capacity as<br>CHIEF COUNSEL OF OIG and in<br>his individual capacity; JENNIFER<br>KAUFMAN in her official capacity<br>as DIRECTOR OF INTERNAL<br>AFFAIRS OF OIG and in her<br>individual capacity; GAYLON<br>DACUS in his official capacity as<br>SENIOR INVESTIGATOR FOR<br>OIG and in his individual capacity;<br>PHYLLIS EVERETTE MOR-<br>GAN; JOHN/JANE DOE 1<br>(officially and individually);<br>JOHN/JANE DOE 2 (officially and<br>individually); JOHN/JANE DOE 3<br>(officially and indivi-dually); and<br>JOHN/JANE DOE 4 (officially and<br>individually)<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:22-cv-00294 |

---

**Plaintiff's First Request for Production of Documents, First Set of
Interrogatories, and First Request for Admissions to Defendants Texas HHSC and
Cecile Erwin Young, Its Commissioner**

---

TO:    Defendants Texas Health and Human Services Commission ("HHSC") and Cecile Erwin
       Young, in her official capacity as Commissioner of Texas HHSC

       Please take notice that pursuant to Rules 26, 33, 34, and 36 of the *Federal Rules of Civil*

8.  "Correspondence" includes paper transmissions (whether by mail, delivery service, hand-delivery, or otherwise), digital transmission (whether by facsimile or otherwise), and electronic transmission (whether by email, memory device, text message, Internet (downloadable or chat) or otherwise).

9.  "Incident" or "incidents" means the facts and/or situations giving rise to Plaintiffs' claims as referred to in Plaintiff's Complaint. As used herein, incident may (depending on the nature of the allegations) be a single transaction, communication, representation, disclosure, statement, occurrence or a series and/or multiple transactions, communications, representations, disclosures, statements or occurrences.

10. "Date" means the exact date, month, and year, if known, or, if not known, your best approximation thereof. Exact date shall be given in all answers except where it is explicitly indicated that an approximate date may be given or where the exact date is unknown, in which case, approximate dates may be given.

**B.    General Instructions:**

1.  The term "and," as well as the term "or," shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Interrogatories and Requests any information which might otherwise be construed to be outside their scope. The term "and/or" means both the disjunctive and conjunctive, as necessary, to bring within the scope of these Interrogatories and Requests any information that might otherwise be construed to be outside their scope.

2.  Whenever appropriate, the singular form of a word shall be interpreted as plural, and the masculine gender shall be deemed the feminine or neuter.

3.  The time period covered by these discovery requests means from January 1, 2016 to the present date unless a different time period is expressly stated with respect to a discovery request.

4.  These discovery requests are continuing in nature. If further information or documents come into your possession or are brought to your attention during preparation for trial or trial, supplementation of your responses to these discovery requests may be required.

**C.    Instructions for Document Requests**

1.  Documents produced from files shall be segregated in a group as to each such file and the name of the file from which such group came shall be included with and identified to that group of documents constituting such file.

2.  All non-pdf documents should be scanned or converted to pdf and produced with appropriate Bates numbering. Except, however, if the document is of a type that cannot be easily converted to pdf or is such that what appears as a single page on a screen would encompass multiple pages in a pdf, such as an Excel spreadsheet, then such documents should be produced in their native format in accordance with the instructions for ESI set out below.

3.  Special Instructions Regarding Data Stored In Electronic, Magnetic Or Digital Format: The terms "document" or "documents" includes all electronically stored information ("ESI"), including all data or information that is stored as electronic, magnetic or digital data, and includes data or information stored in digital format that has been or could be processed by a computer and that has been or could be stored on a computer's hard drive, floppy drive, CD-Rom, removable cartridge drive or tape storage device. Pursuant to *Federal Rule* 34(b)(2)(D), each document request is also a request for all ESI, including responsive data that is currently stored in electronic, magnetic or digital form, regardless of location. Each such request also includes a request for each version of each file containing data responsive to the request. The data shall be provided in PC format via one or more of the following media: CD-Rom, DVD, flash drive, tape backup, removable cartridge that can be read by a Zip drive, transmitted by email or posted to a website (such as DropBox) for downloading. For electronically stored

information (ESI), produce documents in their native format with all metadata intact, or in a reasonably usable form as specified in Rule 34(b).

4. Produce all emails with full headers, metadata, and attachments.

**D.    Instructions for Interrogatories:**

1. If any of the information contained in your response to any Interrogatories are not within your personal knowledge, so state with respect to each such Interrogatory, specifying the particular information in response to each such Interrogatory that is not within your personal knowledge.

2. If you cannot answer any portion of any Interrogatories in full, after exercising diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

3. Although Plaintiffs contends that these interrogatories conform with all of the requirements of *Federal Rule* 33, if you object to the number of answers requested then answer the first 25 questions.

4. All documents produced pursuant to any Interrogatories propounded by Plaintiffs shall be marked or otherwise identified with the number or numbers of the specific Interrogatory pursuant to which each such document is produced.

5. Each Interrogatory should be construed independently and not by reference to any other Interrogatory herein unless one Interrogatory specifically refers to another Interrogatory. Similarly, each answer should be complete in itself and should not refer to or incorporate your answer to any other interrogatory.

6. "Identify" when referring to a person means to state the person's full name, present or last known home and business address, last known home, business, and cell telephone numbers, email address, job title or position, and employer.

7. "Identify" when referring to a document means to state the date, author, type of document, subject matter, present location, and custodian.

**E.    Case-Specific Definitions:**

1. "Plaintiff's Complaint" means Plaintiff's First Amended Original Complaint filed in this cause on April 27, 2023. As used herein, "Plaintiff's Complaint" and "Plaintiff's Petition" are synonymous.

2. "HEIDI" or "Plaintiff" means The Heidi Group, Inc., and any of its officers, directors, employees, agents, representatives, or affiliates.

3. "Carol Everett" or "Everett" means Carol Everett, CEO of The Heidi Group, Inc.

4. "Phyllis Morgan" or "Morgan" means Phyllis Everette Morgan, former employee of HEIDI and Defendant in this action.

5. "HTW" means the Healthy Texas Women program administered by HHSC.

6. "FPP" means the Family Planning Program administered by HHSC.

7. "Programs" means collectively the HTW and FPP programs.

8. "FMU" means the Fiscal Monitoring Unit of HHSC.

9. "FMU Findings" means the findings contained in the Initial FMU Report dated July 12, 2018, and/or the Final FMU Report dated October 12, 2018.

10. "2019 Final Report" means the HHSC/OIG report dated November 6, 2019, regarding HEIDI.