IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE HEIDI GROUP, INC. <br>     **Plaintiff** | § <br> § <br> § | |
| VS. | § <br> § <br> § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION; CECILE ERWIN YOUNG, in her official capacity as COMMIS-SIONER OF TEXAS HEALTH AND HUMAN SERVICES; THE OFFICE OF THE INSPECTOR GENERAL FOR TEXAS HEALTH AND HUMAN SERVICES (OIG); SYLVIA KAUFFMAN in her official capacity as INSPECTOR GENERAL OF OIG; DIRK JOHNSON in his official capacity as CHIEF COUNSEL OF OIG and in his individual capacity; JENNIFER KAUFMAN in her official capacity as DIRECTOR OF INTERNAL AFFAIRS OF OIG and in her individual capacity; GAYLON DACUS in his official capacity as SENIOR INVESTIGATOR FOR OIG and in his individual capacity; PHYLLIS EVERETTE MOR-GAN; JOHN/JANE DOE 1 (officially and individually); JOHN/JANE DOE 2 (officially and individually); JOHN/JANE DOE 3 (officially and indivi-dually); and JOHN/JANE DOE 4 (officially and individually) <br>     **Defendants** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CASE NO. 1:22-cv-00294 |

---

**Joint Meet-and-Confer Notice re Plaintiff's Motion to Compel**

---

Pursuant to the Court's June 16, 2026, Order Setting Hearing [Dkt. 79], the undersigned counsel for Plaintiff and the State Defendants met and conferred via telephone to discuss the issues in Plaintiff's Consolidated Motion to Compel [Dkt. 75] and to identify what issues have been resolved and any remaining outstanding issues. This Notice reflects the Parties' conference concerning these issues. The Parties apologize to the Court for not meeting its noon, July 6, 2026 deadline for filing this Notice.

1. **<u>The following are the unresolved issues according to Plaintiff:</u>**

   a. Plaintiff's contention that the Government Code § 544.0259(e) investigative privilege is not applicable in this federal litigation, including for the pendent / supplemental state-law claims, and/or has been waived;

   b. Plaintiff's contention that the Deliberative Process privilege is not applicable in this federal litigation, including for the pendent / supplemental state-law claims, and/or has been waived;

   c. Plaintiff's contention that the Attorney-Client privilege and work-product doctrine are inapplicable and/or have been waived.

   d. Plaintiff's contention that all of State Defendants' non-privilege boilerplate and other objections have been waived.

   e. Whether State Defendants designation of "Confidential" based on Gov't Code 544.0259(e) in their production served on June 17, 2026 (OIG) and June 26, 2026 (HHSC) should be vacated based on the inapplicability / waiver of that objection.

   f. When State Defendants are required to produce the ESI requested in Plaintiff's Requests for Production to State Defendants for the document

production served (without any ESI) on June 17, 2026 and June 26, 2026. Plaintiff requests that ESI within 14 days from the Court's order.

g. State Defendants contend they still have approximately 140,000 (HHSC) and 40,000 (OIG) more documents to review and produce, that they intend to start producing on a rolling basis every 30 days, and that it will probably take until the end of the year for that production to be complete. Plaintiff objects to such delayed review and production, especially in light of the waived objections and privileges, and requests that the Court order full and complete production, including with ESI, of all documents and information responsive to Plaintiffs' Requests for Production and Interrogatories within thirty days, with no withholdings based on privilege or otherwise.

h. Plaintiff's contention that the ESI to be produced in connection with the above two paragraphs must consist of a DAT file containing, to the extent available for the documents, all available metadata fields, including; Beginning and ending Bates number; Beginning and ending family Bates number (to preserve parent/attachment relationships); Custodian (if maintained); From; To; CC; BCC; Subject; Sent date and time; Received date and time; File name; File extension; Author or Creator (where applicable); Date created; Date modified; Any unique document identifier (such as a Message-ID or comparable identifier, where applicable); and Any other standard metadata fields ordinarily maintained for the type of electronic document being produced.

i.   Plaintiff's contention that all objections to Plaintiff's Interrogatories have been waived and/or are inapplicable and that Plaintiff should provide full and complete answers without any objections for privilege or otherwise.

j.   Plaintiff's contention that State Defendants must supplement their answers to Interrogatories that, in their February 20, 2026 answers and/or objections, stated that responsive information was available in business records that are being produced in response to production requests. Specifically, the answers to Interrogatories 2-9, 11-12, and 14 (HHSC) and the answers to interrogatories 2, 5-9, 11-13, 15, 17-18 (OIG) must be supplemented to identify by Bates number all such business records responsive to these interrogatories.

k.   Plaintiff's contention that, notwithstanding the Court's privilege rulings, if State Defendants contend that any specific document is protected by attorney-client privilege or work-product doctrine, then they must provide a log of all such documents within 21 days from the date of the Court's order on the Motion to Compel complying with the requirements of FRCP 26(b)(5)(A) and applicable caselaw for such logs.

l.   Plaintiff requests that its own production schedule as set out in the Protective Order, Exhibit A be abated for 60 days in light of the facts that (1) Plaintiff's Requests for Production were served approximately six weeks before State Defendants' Requests, (2) Plaintiff timely (contemporaneously with its timely RFP responses) served a motion for protective order setting out timelines for production of scanned documents, other electronic documents, and hard-copy

documents, which the court granted), (3) Defendants did not seek a protective order, file a withholding statement, or identify a schedule for production of its documents but instead simply produced no documents until after the filing of Plaintiff's Motion to Compel, (4) Plaintiff should have had State Defendants' Documents well before having to produce its own documents, and (5) the production by State Defendants on June 17 and 26, 2026, is virtually unusable since there is no ESI but just thousands of documents identified solely by a Bates number.

m. Plaintiff's request for attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). Plaintiff requests that the Court set a schedule for Plaintiff to submit its application for fees within 21 days from the date of the order; 14 days for Defendant to file any response; and 7 days for Plaintiff to file any reply.

2. **State Defendants' position is as follows:**

a. State Defendants made their first sizable production of documents over a week ago and have collected approximately 180,000 additional potentially responsive documents from its custodians to review for responsiveness and privilege and ultimate production to Plaintiff. State defendants plan on producing documents on a rolling basis every at least every 30 days until production is complete sometime around November or December 2026. Discovery is currently set to end in March 2027; State Defendants do not understand that this production schedule would prejudice Plaintiff in any way considering that Plaintiff is producing documents on a rolling basis as well (with far fewer documents to review and produce) and is requesting a 60-day

Joint Conference Notice re P's Motion to Compel                                         5

abatement. Nevertheless, State Defendants are willing to work with Plaintiff on a production schedule necessary to prevent any prejudice if Plaintiff will provide State Defendants with a basis for such prejudice. State Defendants note only that given the massive amount of information to review and limited State resources to review documents, it would be difficult to complete the document review much sooner.

b.  Plaintiff requested that "all documents…be produced…in Bates-numbered pdf format," which is how State Defendants have produced documents (searchable, bates-numbered, pdfs). Moreover, all the documents State Defendants have produced are electronically stored information (ESI). Nevertheless, State Defendants are currently working with Plaintiff to come to an agreement on the scope of the metadata (e.g., particular fields) that each will provide the other with respect to any documents produced. State Defendants are committed to reaching an agreement by the end of this week so that the metadata for State Defendants' previous production can be provided to Plaintiff early next week (or at least within 21 days of State Defendants' production). Once the Parties reach an agreement, the metadata can be provided along with the production without any delay.

c.  State Defendants do not currently anticipate withholding any documents from production based on any privilege, including any investigative privilege or deliberative privilege, or non-privilege objections. It plans to only withhold Attorney-Client privileged documents or documents protected by the Attorney Work-Product doctrine (which is unlikely in this case). State Defendants will

Joint Conference Notice re P's Motion to Compel

produce a privilege log within a reasonable time after each document production (within at least 21 days) that complies with FRCP 26(b)(5)(A) so that Plaintiff can properly assess claims of Attorney-Client privilege or Work-Product Privilege.

d. To the extent that Plaintiff wishes to challenge any designations State Defendants have made under the Parties' agreed protective order, Plaintiff's Motion to Compel is not the proper vehicle and the July 8th hearing is not the proper place. The protective order has very specific requirements to challenge a designation, none of which have been met. *See* Dkt. #72, ¶ 11. This issue was not addressed in Plaintiff's motion to compel.

e. State Defendants are not aware of any information (privileged or otherwise) they have withheld from their Interrogatory Answers based on their objections, which is why they did not include a withholding statement along with their responses.

f. To the extent that State Defendants' answer to any of Plaintiff's interrogatories relies on FRCP 33(d), State Defendants will comply with FRCP 33(d)(1) after each production by "specifying [any] records" in the production that must be reviewed within at least 21 days.

g. State Defendants do believe that the written discovery requests (requests for production and interrogatories) they have objected to are objectionable or could be interpreted in a manner to seek undiscoverable information and do not agree to withdraw their objections and wish to preserve them.

h.  If, out of fairness, Plaintiff believes it should be able to abate the document production schedule it set forth in the Parties' Protective Order, then State Defendants are willing to agree to an abatement.

i.  State Defendants believe that Plaintiff is not gaining any discovery over and above what it would have otherwise received had it <u>not</u> filed or even drafted its motion to compel. And from State Defendant's perspective, Plaintiff's motion seems much more about pressing claims of waiver and attempting to obtain undiscoverable attorney-client privileged information than obtaining legitimate discovery. State Defendant's position is that an award of attorney's fees would be improper under FRCP 37(a)(5)(B) or, alternatively, (a)(5)(A)(iii), or (a)(5)(C).

Respectfully submitted,

**WATT LAW FIRM, P.C.**
800 Hwy. 290 West
Building A, Suite 100
Dripping Springs, Texas 78620
*Telephone* (512) 894-4404
*Facsimile* (512) 858-0770
*/s/ Edward P. Watt*
Edward P. Watt
State Bar No. 20976500
edwatt@wattlaw.com

**Counsel for Plaintiff The Heidi Group, Inc.**

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Charles Lee Winkelman*
**Charles Lee Winkelman**
*Attorney in Charge*
State Bar No. 24042176
Admitted *Pro Hac Vice*
Attorney General of Texas
General Litigation Division
P.O. Box 12548
Austin, Texas 78711
(737) 231-7737 – Phone
(512) 320-0667 – Fax
lee.winkelman@oag.texas.gov
**Counsel for State Defendants**