**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| THE HEIDI GROUP, INC., *Plaintiff,* | § | |
| | § | CASE NO. 1:22-cv-00294 |
| v. | § | |
| | § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, *et al.*, *Defendants.* | § | |

---

**STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY**

---

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE MARK LANE:

State Defendants file this Reply in Support of Their Motion to Compel Discovery ("Motion to Compel"), Dkt. 105. State Defendants' Motion to Compel is limited to *one discrete issue*—Plaintiff's Box Collection. Plaintiff now agrees that sixty (60) boxes are suddenly available for pick-up. This is significant progress, but State Defendants are entitled to review all eighty-six (86) boxes, not just sixty—and they are entitled to do so before another month-and-a-half is lost.[1] If State Defendants could have resolved Plaintiff's Box Collection without court intervention, they would have done so. State Defendants made five (5) attempts to obtain the boxes from Plaintiff before filing their Motion to Compel and were stonewalled when Plaintiff refused to complete Stage 2. Unfortunately, this Court's intervention still appears necessary.

[1] Despite quickly reviewing and offering sixty boxes, Plaintiff nevertheless proposes waiting to produce the remaining twenty-six boxes until November 30, 2026.

1. **State Defendants are prejudiced by Plaintiff's ongoing delay in producing its boxes.**

In its responses to requests for production, Plaintiff both conceded that the Box Collection contains relevant information and affirmatively stated on April 7, 2026, that Plaintiff was producing the Box Collection. Dkt. 105-2 at 4. Plaintiff has yet to produce the Box Collection.

Plaintiff claims that its Box Collection "overlaps materials already in the State's hands." Dkt. 113 at 7, n. 4. However, without the opportunity to review the documents in the Box Collection, State Defendants are of course unable to verify that claim. Plaintiff has suddenly made sixty boxes available, but it still inexplicably claims it needs another month-and-a-half (until November 30, 2026) to review and produce the remaining twenty-six boxes.

There is no excuse for Plaintiff's continued delays, which is actively prejudicing State Defendants' ability to develop their defense by taking depositions and engaging in further discovery. Without being able to review Plaintiff's records, that it concedes are relevant, State Defendants are unjustly stymied in their efforts to pursue additional meaningful discovery. Meanwhile, precious time is being lost.

State Defendants had informal discussions with Plaintiff's counsel and his assistant at the inspection on June 30, 2026, stating that they wanted to review all of the boxes except Box 37. Even if Plaintiff did not understand this is what State Defendants were requesting, by no later than August 3, 2026, State Defendants had amply and unambiguously fulfilled their Stage 1 duties. Dkt. 72 ¶ 9(c)(ii). Subsequently, Plaintiff refused to complete Stage 2. After multiple emails and requests, Plaintiff insisted that State Defendants missed the protective order deadline and that their request was "arbitrary and not supported by the CPO." Dkt. 105-9 at 2. Plaintiff's response is unreasonable and prejudicial to State Defendants. After all, Plaintiff drafted the "Hard-Copy Document Production" protocol (Dkt. 113-2 at 3) yet has refused to complete its own Stage 2

duties *for months*. Dkt. 72 ¶ 9(c). Plaintiff asserts that State Defendants skipped Stages 3 and 4, but Plaintiff is the party that consistently declined repeated requests to complete Stage 2.

Ultimately, State Defendants simply ask the Court to ensure that Plaintiff reviews and produces its full Box Collection—and that Plaintiff not be permitted to continue stalling until the end of November to do so.

2. **Plaintiff must bear its own costs and pay at least half of the cost to scan and bibliographically code its own paper documents.**

Plaintiff's Box Collection conservatively contains a substantial number of relevant and responsive documents. Plaintiff bears the cost and burden of responding to State Defendants' requests for production. *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 315 (5th Cir. 2011).

To support its contention that Plaintiff is excused from paying the cost to make its documents electronically available, Plaintiff cites two non-binding cases from 2004 and 2008. *See* Dkt. 113 at 7–8 n.5. But those outdated opinions from other jurisdictions are neither instructive nor relevant amidst the modern realities of digital data, document retention systems, the Internet, and AI. Moreover, Plaintiff takes the unreasonable position that State Defendants should not only bear the cost of making Plaintiff's documents reviewable in electronic format but then also provide Plaintiff with a copy at cost to Plaintiff. Dkt. 113 at 8. The discovery rules do not provide for such outrageous burden shifting, and this Court should not permit Plaintiff to do so either.

In 2026 (and beyond), the Court, the jury, and all parties need to review the electronic version of Plaintiff's documents. It is difficult to fathom how each individual who is required to review relevant documents in this case would review eighty-six (86) boxes of documents without making them electronically available.

3. **Plaintiff's affidavits are incomplete at best and still fail to address key issues affecting chain of custody.**

By Plaintiff's own account, documents from various boxes have been shoved in other boxes, "the box marked 62 was destroyed," and only after State Defendants served a deficiency letter did Plaintiff and CEO Everett discover (conveniently) that the numbers 46 and 69 were never written on any boxes, despite having previously noting them as missing. Dkt. 113 at 4. Plaintiff also asserts that an A/B labeling system had developed for certain boxes (67B, 81B), but not others, without accurately explaining how and why that took place.[2] Dkt. 113 at 4. Plaintiff should be required to execute additional affidavits and/or have its various affiants and box custodians sit for depositions to explain the numerous inconsistencies and destruction of boxes. According to CEO Everett, it was Mr. Burkhart who wrote the numbers on the boxes. Dkt. 113-3 at 2. Thus, at a minimum, he should have to execute an affidavit describing his involvement with the Box Collection as well.

4. **Plaintiff's false narrative must be corrected.**

To set the record straight, to date, OIG has produced 51,996 pages of documents (4,640 documents) while HHSC has produced 56,934 pages of documents (4,991 documents).[3] Additionally, Plaintiff's assertion that State Defendants did not confer with Plaintiff about the relief sought in their Motion to Compel is a misstatement. *See* Dkt. 105-10 at 4, 6–7.

---

[2] Plaintiff only discovered the alleged numbering error after State Defendants informed Plaintiff on September 24, 2026, in their discovery deficiency letter that they were going to file a motion to compel if Plaintiff did not respond to the discovery deficiency deadlines.

[3] The bates numbers and page counts are based on the productions from all parties that are stored on OAG's Relativity platform. These production set numbers do not include the significant numbers of pages that were produced as "native" documents (i.e., excel reports). When State Defendants have produced "native" documents, the only page that is accounted for in the production set is the one-page placeholder document. Thus, the actual total number of "pages" produced by State Defendants is notably higher than the numbers provided above.

## CONCLUSION & PRAYER

For the reasons stated above and set forth in their Motion to Compel, State Defendants respectfully request this Court to grant the Motion to Compel and enter an order compelling Plaintiff to: (1) produce all 86 boxes in Plaintiff's Box Collection in paper format to State Defendants within forty-eight (48) hours of the entry of this order, (2) pay at least half the third-party vendor's costs to make Plaintiff's Box Collection available electronically with bibliographic coding, (3) order Mr. Burkhart and any other necessary individuals to execute affidavits fully explaining the chain of custody of Plaintiff's Box Collection, and (4) pay sanctions, including reasonable expenses and attorney's fees, in an amount this Court determines appropriate.

Respectfully submitted.

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division

*/s/ Kirstin M. Erickson*
**KIRSTIN M. ERICKSON**
Assistant Attorney General
Texas Bar No. 24134194
Office of the Attorney General of Texas
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711–2548
P. (737) 229-0917
F. (512) 320-0667
kirstin.erickson@oag.texas.gov
***Lead Counsel for State Defendants***

SCOTT & SCOTT, PLLC
*/s/ John B. Scott*
**JOHN B. SCOTT**
State Bar No. 17901500
316 W 12th St
Suite 200
Austin, Texas 78701
(682) 250-2142
John.scott@scottpllc.net
***Counsel for State Defendants***

Austin R. Nimocks
Texas Bar No. 24002695
austin@pntlawfirm.com

*/s/ Benjamin S. Walton*
Benjamin S. Walton
Texas Bar No. 24075241
ben@pntlawfirm.com

Rachel M. Thebeau
Texas Bar No. 24093251
rachel@pntlawfirm.com

**PNT Law Firm**
206 Wild Basin Rd. S.
Bldg. A, Ste. 206
Austin, TX 78746
Phone: (512) 522-4893
Fax: (512) 522-4893
***Counsel for State Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2026, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to all counsel of record. A true and correct copy of this document was also served Defendant, Phyllis Everette Morgan, by e-mail to peverette@saffrontrust.org.

*/s/ Kirstin M. Erickson*
**KIRSTIN M. ERICKSON**
Assistant Attorney General